Argued and submitted July 29, reversed and remanded November 24, 1999

# STATE OF OREGON,
*Respondent,*

*v.*

# ROBERT MICHAEL HOFFMEISTER,
*Appellant.*

## (96-10-37558; CA A99437)

990 P2d 910

Daniel Q. O'Dell, Deputy Public Defender, argued the cause for appellant. With him on the brief was David E. Groom, Public Defender.

Jennifer S. Lloyd, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before De Muniz, Presiding Judge, and Haselton and Wollheim, Judges.

DE MUNIZ, P. J.

## DE MUNIZ, P. J.

Defendant appeals his 21-month prison sentence for burglary in the first degree. ORS 164.225. That term was imposed as a sanction following the revocation of defendant's probation. At issue is whether we may review the revocation sentence and, if so, whether the trial court erred in imposing a probation revocation sanction authorized under a guidelines gridblock other than the one used to sentence defendant initially. We hold that the sentence is reviewable and that the trial court erred. Accordingly, we reverse.

Defendant was indicted on two counts each of burglary in the first degree, ORS 164.225, unauthorized use of a motor vehicle, ORS 164.135, and theft in the first degree. ORS 164.055. The trial court accepted defendant's guilty plea to one burglary charge and dismissed the five remaining charges. Defendant was sentenced to three years of probation based on guidelines gridblock 7-I, a presumptive probation gridblock. Five months later, when his probation was revoked, the trial court discovered that it had not been made aware of defendant's entire criminal history at the time of the initial sentencing. The trial court then recalculated the gridblock based on defendant's complete criminal history and determined that defendant should have been sentenced under gridblock 7-C, a presumptive prison gridblock. Based on that determination, the trial court imposed a revocation sanction of 21 months in prison, a term that is within the sanction range prescribed by gridblock 7-C.

Defendant does not dispute the fact that, originally, he should have been sentenced under gridblock 7-C. Instead, he argues that it was error for the trial court to impose a revocation sanction based on the presumptive prison gridblock after the sentence based on the presumptive probation gridblock was executed.

■ Before considering defendant's challenge to the sentence, we must address the state's argument that that challenge is not reviewable. The state bases its argument on ORS 138.222(2), which provides, in relevant part, that

"the appellate court shall not review:

"(a)   Any sentence that is within the presumptive sentence prescribed by the rules of the Oregon Criminal Justice Commission."

Defendant responds that, under OAR 213-010-0002,[1] a trial court may not impose a revocation sanction based on a gridblock other than the one used for initial sentencing and that his claim is, therefore, reviewable under ORS 138.222(4), which provides:

"In any appeal, the appellate court may review a claim that:

"(a)   The sentencing court failed to comply with requirements of law in imposing or failing to impose a sentence[.]"

In support of its position, the state relies on *State v. Guyton*, 126 Or App 143, 868 P2d 1335, *rev den* 319 Or 36 (1994). The facts in *Guyton* are similar to those presented here. In *Guyton*, the defendant was initially sentenced erroneously under gridblock 7-D, a presumptive prison gridblock. The defendant received three years' probation in a plea agreement that stipulated a dispositional departure from prison to probation. When the defendant's probation was revoked, the trial court recalculated his gridblock to 7-A and imposed a longer sanction than he could have received under gridblock 7-D.

In *Guyton*, we held that ORS 138.222(2)(a) precluded our review because "defendant's conviction resulted in a crime seriousness ranking and criminal history of gridblock 7-A, [and] defendant's sentence 'initially' could have been imposed under that gridblock." 126 Or App at 147. *Guyton* recognized the intent reflected in the guidelines to impose revocation sanctions that were equal to the presumptive prison term that could have been imposed initially. *Id.* at 147

---

[1] OAR 213-010-0002 provides, in relevant part:

"(1)   For those offenders whose presumptive sentence was probation, the sentence upon revocation shall be to the supervisory authority for a term up to a maximum of six months.

"(2)   For those offenders whose probationary sentence was * * * a departure from a presumptive prison sentence * * *, the sentence upon revocation shall be a prison term up to the maximum presumptive prison term which could have been imposed initially, if the presumptive prison term exceeds 12 months."

n 1. We interpreted OAR 213-010-0002(2) broadly to include a revocation sanction that flowed from a gridblock that was not used at the time of sentencing due to an incomplete record. However, our opinion in *Guyton* did not consider the legal effect of executing a probationary sentence and, therefore, does not control the question of reviewability here. Accordingly, to the extent that *Guyton* is inconsistent with our disposition of this case, *Guyton* is overruled.

■■ Trial courts have no inherent authority to modify executed sentences.[2] *State v. DeCamp*, 158 Or App 238, 243, 973 P2d 922 (1999). *DeCamp* requires us to narrow our interpretation of OAR 213-010-0002 made in *Guyton*. Once a probationary sentence is executed, OAR 213-010-0002 limits revocation sanctions to those that flow from the gridblock used at the time of sentencing. To hold otherwise would effectively allow for the post-execution modification of sentences. Here, defendant was initially sentenced under gridblock 7-I. Defendant later received a 21-month sanction that is not within the presumptive sentence prescribed by gridblock 7-I. Therefore, ORS 138.222(2)(a) does not preclude our review, and defendant's claim that the trial court failed to comply with the requirements of law when it imposed a revocation sanction under a different gridblock than the one relied on at initial sentencing is reviewable under ORS 138.222(4).

Under rules promulgated by the Oregon Criminal Justice Commission, an offender may receive probation: (1) under a presumptive probation gridblock, OAR 213-005-0007; (2) under an optional probation gridblock, OAR 213-005-0006; or (3) as a dispositional departure from a presumptive prison gridblock. OAR 213-008-0001. The trial court retains the discretionary authority to revoke a probationary sentence for cause. OAR 213-010-0001. Similarly, the trial

---

[2] A prison sentence is executed when the offender is placed in the custody of the Oregon Department of Corrections. ORS 137.010(6). Probationary sentences are executed either when the judgment is entered or on the date of sentencing, if that is the clear intent of the judgment. *State v. Quackenbush*, 116 Or App 453, 455, 841 P2d 671 (1992) (condition against associating with codefendant was violated when defendant married the codefendant after judgment was pronounced but before it was entered); *State v. Puckett*, 111 Or App 384, 385, 826 P2d 96 (1992) (judgment is clear that probation commenced on date of sentencing, not on date of filing).

court retains limited authority to impose sanctions on offenders when probation is revoked. OAR 213-010-0002.

■        In the final analysis, at issue here is the scope of a trial court's authority to impose revocation sanctions. The rule provides only two possibilities. Offenders sentenced to presumptive probation may receive a maximum sanction of six months in prison. OAR 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(1). Offenders sentenced to optional probation or as a dispositional departure from a presumptive prison gridblock may receive up to the maximum sentence that could have been imposed initially. OAR 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(2).

Defendant's probationary sentence was imposed and executed under gridblock 7-I, a presumptive probation gridblock. The state does not dispute the fact that defendant's probationary sentence was executed. Because the trial court has no inherent authority to modify an executed sentence, it was error to impose a 21-month sanction based on a different gridblock. *DeCamp*, 158 Or App at 243. Under the guidelines, the maximum revocation sanction the trial court can impose in this case is six months.

Reversed and remanded.