Submitted on record and briefs January 4, remanded for resentencing, otherwise affirmed February 6, 2008

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JENNIFER LOU BOLF,
*Defendant-Appellant.*

Jackson County Circuit Court
061705FE; A136651

176 P3d 1287

Peter Gartlan, Chief Defender, Legal Services Division, and Kristin Carveth, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Jonathan H. Fussner, Attorney-In-Charge, Criminal Appeals, filed the brief for respondent.

Before Haselton, Presiding Judge, and Armstrong and Rosenblum, Judges.

HASELTON, P. J.

## HASELTON, P. J.

Defendant appeals from a judgment revoking her probation on a conviction for felony driving while suspended, ORS 811.182. She argues that the trial court erred in recalculating her criminal history score and imposing a revocation sanction based on that recalculated criminal history. The state concedes the error. As explained below, we find the state's concession to be well founded, and accept it. Accordingly, we remand for resentencing.

At defendant's original sentencing, the parties stipulated, and the court agreed, that the offense should be placed in grid block 6F on the sentencing guidelines, for which the presumptive sentence is a probationary term of three years. Although defendant's actual criminal history score apparently was greater than F, the judgment, pursuant to the stipulation, indicated that the offense was placed in grid block 6F. The judgment also, however, recited findings in support of a downward departure sentence. The sentence imposed by the judgment—*viz.*, probation—was the presumptive sentence for grid block 6F.

Defendant's probation was subsequently revoked based on her violation of the "[o]bey all laws" condition of probation.[1] At the probation revocation proceeding, the prosecutor contended that the court, in the original sentencing, had imposed a downward departure sentence to the 6F grid block and that probation revocation sanctions should be based on defendant's actual criminal history, which the prosecutor contended put her in the 6A grid block. Defendant remonstrated that the parties had stipulated to the 6F grid block. The trial court substantially agreed with the state and deemed defendant's grid block classification to be 6C—for which the presumptive sentence is prison—and not 6F. Consequently, over defendant's objection that the maximum sentence that could be imposed upon revocation was six months'

---

[1] Defendant admitted that she had violated that condition by engaging in shoplifting.

imprisonment, the court, based on the premise that defendant was a grid block 6C offender, imposed a revocation sentence of 15 months' imprisonment, followed by two years of post-prison supervision. *See* OAR 213-010-0002(2).[2]

On appeal, defendant reiterates her position that, because the grid block that was the basis of her original sentence was 6F (presumptive probation), the trial court, upon revocation of probation, was limited to imposing a sentence of no more than six months. In support of that argument, defendant invokes OAR 213-010-0002(1), which provides that, "[f]or those offenders whose presumptive sentence was probation, the sentence upon revocation shall be to the supervisory authority for a term up to a maximum of six months." Defendant also invokes *State v. Hoffmeister*, 164 Or App 192, 196, 990 P2d 910 (1999), where we held that once a probationary sentence is executed, "OAR 213-010-0002 limits revocation sanctions to those that flow from the gridblock used at the time of sentencing."

■    The state concedes error—and that concession is well founded under *Hoffmeister*. To be sure, the original judgment in this case, after stating that defendant was in grid block 6F, recites that the probationary sentence was a "dispositional departure." Nevertheless, as the state acknowledges, because the judgment states that defendant's grid block was 6F, that determination defines and constrains the sanctions available upon revocation.

■    We note that, in light of the provisions of OAR 213-010-0002(1) and *Hoffmeister*, a sentencing court that wishes to retain the ability to impose a broader range of probation revocation sanctions should clearly indicate in the original judgment the grid block actually resulting from a defendant's

---

[2] OAR 213-010-0002(2) provides:

"For those offenders whose probationary sentence was either a departure from a presumptive prison sentence or a sentence imposed pursuant to OAR 213-005-0006, the sentence upon revocation shall be a prison term up to the maximum presumptive prison term which could have been imposed initially, if the presumptive prison term exceeds 12 months. For those presumptive prison terms 12 months or less, the sentence upon revocation shall be to the supervisory authority, up to the maximum presumptive prison term."

criminal history and then impose a probationary sentence as a downward dispositional departure.

Remanded for resentencing; otherwise affirmed.