Argued and submitted September 24, order denying appointed counsel reversed and remanded, order denying DNA testing vacated and remanded December 2, 2015

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MARK FORREST TEMPLETON,
*Defendant-Appellant.*

Umatilla County Circuit Court
CF910151, CF910152;
A154982 (Control), A154967

364 P3d 6

Erik Blumenthal, Deputy Public Defender, argued the cause for appellant. On the brief were Peter Gartlan, Chief Defender, and Lindsey Burrows, Deputy Public Defender, Office of Public Defense Services.

Gregory A. Rios, Assistant Attorney General, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Carolyn Alexander, Assistant Attorney General.

Before Ortega, Presiding Judge, and Lagesen, Judge, and Garrett, Judge.

ORTEGA, P. J.

## ORTEGA, P. J.

Defendant was convicted of murder and conspiracy to commit murder in 1991. More than 20 years later, defendant moved for post-conviction DNA testing under ORS 138.690 and ORS 138.692 and petitioned the trial court for appointed counsel related to the DNA-testing motion under ORS 138.694. The trial court denied both the motion and the petition. In his first assignment of error, defendant contends that, because he met all of the statutory requirements set out in ORS 138.694, which provides for the appointment of counsel at state expense for assistance with a DNA-testing motion under ORS 138.692, the trial court erred in denying his petition for appointed counsel. In his second assignment, defendant challenges the trial court's denial of his motion for DNA testing. We conclude that, because the DNA-testing statutory scheme does not mandate a two-step sequence that renders untimely defendant's petition for appointed counsel, as asserted by the state, defendant should have been appointed counsel and, accordingly, we reverse the trial court's order denying the appointed counsel petition. We also vacate the trial court's order denying the motion for DNA testing.

In this case of statutory interpretation, we review for legal error. *See State v. Romero*, 274 Or App 590, 596, 360 P3d 1275 (2015) (interpreting ORS 138.692 to determine what is required when filing a DNA-testing motion); *State v. Paniagua-Montes*, 264 Or App 216, 221, 330 P3d 1250, *rev den*, 356 Or 510 (2014) (issues of statutory interpretation are reviewed for legal error).

The pertinent facts are procedural. Defendant petitioned for appointment of counsel and, in the same document, moved for DNA testing. He complied with the statutory affidavit requirements for appointment of counsel, as the state concedes. *See* ORS 138.694(1)(a), (b). The trial court, without a hearing, denied both the appointed-counsel petition and the DNA-testing motion, without explaining its reasoning.

A review of the applicable statute is useful in understanding the parties' arguments. ORS 138.694[1] provides, in relevant part:

"(1) A person described in ORS 138.690(1)[2] may file a petition in the circuit court in which the judgment of conviction was entered requesting the appointment of counsel at state expense to assist the person in determining whether to file a motion under ORS 138.690. The petition must be accompanied by:

"(a) A completed affidavit of eligibility for appointment of counsel at state expense; and

"(b) An affidavit stating that:

"(A) The person meets the criteria in ORS 138.690(1);

"(B) The person is innocent of the charge for which the person was convicted or of the conduct that resulted in a mandatory sentence enhancement;

"(C) The identity of the perpetrator of the crime or conduct was at issue in the original prosecution or, if the person was documented as having mental retardation prior to the time the crime was committed, should have been at issue; and

"(D) The person is without sufficient funds and assets, as shown by the affidavit required by paragraph (a) of this subsection, to hire an attorney to represent the person in determining whether to file a motion under ORS 138.690.

"(2) The court shall grant a petition filed under this section if:

"(a) The petitioner complies with the requirements of subsection (1) of this section; and

"(b) It appears to the court that the petitioner is financially unable to employ suitable counsel possessing skills

---

[1] ORS 138.694 (and the other DNA-testing statutes) was amended this year, the amendments of which will not become effective until January 1, 2016. Or Laws 2015, ch 564, § 2. ORS 138.694, as amended, will provide:

"(1) A person described in ORS 138.690 is entitled to counsel during all stages of the proceedings described in ORS 138.692, 138.696 and 138.697."

[2] ORS 138.690(1) requires that petitioner "is incarcerated in a Department of Corrections institution as the result of a conviction for aggravated murder or a person felony as defined in the rules of the Oregon Criminal Justice Commission."

and experience commensurate with the nature and complexity of the matter."

Defendant argues that the trial court should have granted his petition for appointed counsel because he attached the required affidavits. In his view, the statute requires the court to grant a motion for appointment of counsel so long as the defendant meets the statutory requirements of ORS 138.694(1) and (2). The state, for its part, acknowledges that "ORS 138.694 entitled defendant to petition the trial court for appointed counsel to assist him in determining whether to file a motion for DNA testing" and that his petition met the statutory requirements, but argues that the statute contemplates that a defendant will file such a petition before filing a motion for DNA testing. In the state's view, there is a sequential two-step process by which a defendant first files a motion for appointment of counsel and, if appointed, counsel determines whether to file a motion for DNA testing. Accordingly, because defendant did not comply with that two-step process, the state contends that his petition requesting counsel was untimely.

The starting point for the state's statutory interpretation is the text of ORS 138.694(1), which provides that a petition for appointed counsel may be filed "to assist the person in determining whether to file a motion [for DNA testing] under ORS 138.690." *See State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009) (the correct methodology for statutory interpretation is to examine the text of a statute in context, along with its legislative history). In the state's view, the text suggests that an attorney's role is limited under ORS 138.694(1) because the statute provides for appointed counsel only to help a defendant determine whether to file a DNA-testing motion. Once defendant filed his motion, according to the state, his need for appointed counsel was moot, and any error in denying the appointment of counsel was harmless.

The state also points to legislative history in which Dale Penn, a representative of the workgroup involved in drafting the DNA-testing statutes, explained the purpose of attorney involvement:

"We do think this process will work better if a lawyer is involved because, otherwise, we will just get a lot of hand-written notes from prisoners at the state penitentiary and it's going to be a very difficult process for the courts and the system to use and utilize. * * * And there is Section 4 that talks about the process for appointing counsel, getting counsel involved once an inmate makes a request and has these tests in place that there needs to be the fact that identity was an issue and innocence is the issue that was raised from DNA testing and we do think that counsel can also screen out some of these requests that will not be supported even to get into the legal process."

Tape Recording, Senate Judiciary Committee, SB 667, Apr 18, 2001, Tape 101, Side A (statement of Dale Penn). The state asserts that that statement indicates that the purpose of ORS 138.694 is to screen out an unmanageable number of *pro se* DNA-testing motions and that, because defendant petitioned for the assistance of counsel simultaneously with filing his motion for DNA testing before counsel could provide advice on whether to file the testing motion, there was consequently nothing else for appointed counsel to do; counsel's role as a screener of DNA-testing motions was no longer needed. It follows, then, the state argues, that the statutory scheme implicitly makes defendant's motion untimely because the statute "contemplates" that the petition for appointed counsel is filed *before* the motion for DNA testing.

To be sure, the legislature may indeed have contemplated that a petitioner would receive the advice of counsel regarding the motion for DNA testing, including the decision regarding whether to move for such testing. However, we are not persuaded that defendant's appointed-counsel petition was somehow rendered untimely because he filed it contemporaneously with his DNA-testing motion. There is nothing in the text of ORS 138.694 itself, or the other DNA-testing provisions, that imposes the two-step process advanced by the state that would render filing of the appointed-counsel petition untimely if filed simultaneously with the DNA-testing motion. That is, as defendant notes, ORS 138.694(2) provides that the trial court "*shall* grant a petition filed under this section if petitioner complies with the requirements" of the statute. (Emphasis added.) Further, ORS 138.692(1) and (2), which set out the motion

requirements for obtaining DNA testing, do not refer to ORS 138.694, nor do they require a defendant to first petition for appointed counsel.

Moreover, implicit in the state's argument—that because defendant has already filed his DNA-testing motion, "there [is] nothing for appointed counsel to do"—is an assumption that such a motion is irrevocably final once filed. That is, the state's argument assumes that appointed counsel could not have asked the trial court to allow defendant to withdraw his *pro se* motion or to file an amended motion. The state points to no provision in the relevant statutes that would dictate such a result, however, nor does the state argue or point to statutory support for the proposition that the court was compelled to rule on the DNA-testing motion despite the appointed-counsel petition. Once the court granted the petition and appointed an attorney, the court could have waited to rule on the DNA-testing motion pending defendant's decision whether to withdraw or amend the old motion or file a new one. *See* ORS 138.694(3) ("When a court grants a petition under this section, the court shall appoint the attorney originally appointed to represent the petitioner in the action that resulted in the conviction unless the attorney is unavailable."). Such forbearance would have been consistent with the legislature's purpose to "stream-line and facililtate" the number of DNA-testing requests by providing for appointed counsel.

Further, in positing that "there was nothing for appointed counsel to do," the state expressly asserts that the "single purpose" of ORS 138.694 is to determine whether to file a DNA-testing motion and, by implication, asserts that that single purpose does not extend to assisting with filing the motion (which appointed counsel could have done in this case had counsel been appointed). To the contrary, there is much for counsel to do. In *Romero*, we held that the *prima facie* showing required to obtain DNA testing under ORS 138.692 necessitates that a defendant "establish[] a logical relationship between the presumed exculpatory DNA results and the defendant's theory of defense in the context of the underlying trial proceedings." 274 Or App at 599. It follows that, in order to comply with what a DNA-testing motion requires, the assistance provided by appointed counsel may

include investigation of the criminal trial record (or other investigation, something defendant notes is particularly difficult to do from prison) and an analysis of whether and how exculpatory DNA results support defendant's theory of actual innocence. In the course of providing advice on whether to file the DNA-testing motion, such investigation and analysis naturally would aid in the drafting and filing of the motion. Thus, we reject the state's position that, because defendant filed his DNA-testing motion without counsel, the need for counsel was moot and, therefore, the request untimely.

Here, the trial court denied defendant's petition for assistance of counsel despite, as the state concedes, defendant's compliance with the statutory requirements to receive appointed counsel under ORS 138.694. Accordingly, we reverse the order denying defendant's petition for appointed counsel. Because we also conclude that appointed counsel may provide assistance with defendant's DNA-testing motion, we vacate the order denying defendant's motion for DNA testing.

Order denying appointed counsel reversed and remanded; order denying DNA testing vacated and remanded.