Submitted March 29, reversed and remanded August 10, 2016

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

WAYNE JOSEPH DENSON,
*Defendant-Appellant.*

Multnomah County Circuit Court
110732845; A159098

380 P3d 1170

Jerry B. Hodson, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Morgen E. Daniels, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Paul L. Smith, Deputy Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Sercombe, Presiding Judge, and Tookey, Judge, and DeHoog, Judge.

**DEHOOG, J.**

Defendant appeals a judgment revoking his probationary sentences and sanctioning his probation violations by imposing the presumptive prison terms set forth in ORS 137.717(1),[1] the repeat property offender (RPO) statute. He assigns error to the trial court's failure to impose a sanction in accordance with the felony sentencing guidelines. Defendant does not dispute that his convictions were subject to the RPO statute at the time of his original sentencing. However, because the judgment of conviction does not cite the RPO statute, he argues that the trial court was required to impose a sanction consistent with the grid block classifications set forth in his judgment of conviction. The state contends that the trial court did not err, but asserts that, in any event, we cannot consider defendant's argument on appeal. That, the state argues, is because the sanction that the court imposed is a "presumptive sentence" based on the RPO statute and the criminal justice commission's rule defining presumptive sentences. *See* ORS 137.717(1); OAR 213-003-0001(16). Thus, the state contends that our review is precluded by ORS 138.222(2)(a), which bars direct appellate review of a sentence that is "within the presumptive sentence prescribed by the rules of the Oregon Criminal Justice Commission." The state further asserts that, because that provision renders defendant's assignment of error unreviewable, ORS 138.222(7)(b), in turn, renders the judgment in defendant's case unappealable.

---

[1] ORS 137.717 has been amended since the conduct at issue in this case occurred. The version of the statute applicable to this case is ORS 137.717 (2009), *amended by* Or Laws 2009, ch 660, § 8, which became effective in February 2010. All references in this opinion are to that version of the statute, which provided, in part:

"(1) When a court sentences a person convicted of:

"(a) Aggravated theft in the first degree under ORS 164.057 * * *, the presumptive sentence is 19 months of incarceration, unless the rules of the Oregon Criminal Justice Commission prescribe a longer presumptive sentence, if the person has: [a conviction for one or more of the enumerated offenses.]

"(b) * * * [I]dentity theft under ORS 165.800 * * *, the presumptive sentence is 13 months of incarceration, unless the rules of the Oregon Criminal Justice Commission prescribe a longer presumptive sentence, if the person has: [a conviction for one or more of the enumerated offenses.]"

For the reasons that follow, we conclude that defendant's assignment of error is reviewable. We further conclude that the trial court's authority in sanctioning defendant is limited by the grid block classifications set forth in the judgment of conviction. Thus, the court erred in imposing a sanction that reflected the presumptive sentences under the RPO statute rather than those grid block classifications. Accordingly, we reverse and remand.

The relevant facts in this case are procedural and undisputed. In 2011, defendant was indicted on three counts of identity theft, ORS 165.800, and one count of aggravated theft in the first degree, ORS 164.057. Defendant pleaded guilty to all four counts.

At sentencing, the trial court determined that, based on defendant's criminal history, the RPO provisions of ORS 137.717(1) applied to each of his convictions. Under that statute, defendant faced 13-month prison sentences for each of the identify theft convictions and a 19-month prison sentence for the aggravated theft conviction. *See* ORS 137.717(1). Under the sentencing guidelines, however, each of defendant's identity theft convictions fell under grid block 2-E, which carries a presumptive probationary sentence of 18 months, and his aggravated theft conviction fell under grid block 5-E, which carries a presumptive prison sentence of six to eight months, followed by 24 months of post-prison supervision. *See* OAR 213-004-0001; OAR ch 213, App 1.

The trial court chose not to impose either the RPO sentences or the presumptive sentences under the guidelines. Instead, based on its apparent finding of substantial and compelling reasons, the court granted a downward dispositional departure to probation and imposed an upward durational departure increasing the term of probation to 36 months for each of the four convictions. In the judgment of conviction, the court noted that defendant's sentences resulted from dispositional and durational departures and listed the otherwise-applicable grid block for each conviction. However, the judgment did not reflect that the convictions were—or had ever been—subject to the RPO statute.

Defendant subsequently stipulated that he had violated the terms of his probation, and the trial court accepted that stipulation. At disposition, defendant argued that, because the judgment listed only the grid block classifications for his convictions and did not state that the sentences were departures from the presumptive RPO sentences, the court had no authority to impose RPO sentences as a sanction for defendant's probation violations. Defendant argued:

"Nowhere in *** the final judgment is the term [RPO] ***, it simply says a dispositional departure downward, durational departure upward on probation.

"[Defendant] was 2-E, 2-E, 2-E and 5-E. As he stood before you in [the original sentencing], he was presumptive prison under 5-E. You would have had to do a dispositional departure downward and a durational departure upward [because] the presumptive probation would have been two years and it was—it was three-year probation.

"My position is, under the judgment as written, you're limited to the—the 2-E and 5-E revocations, which are *** six months on 2-E and—and going to the upper end, eight months on the—on the 5-E.

"* * * * *

"It's just the judgment is what the judgment is, and I think that's what the court is obligated to sentence on."

The state responded that it was clear that the court had relied on ORS 137.717(1) at sentencing and that a review of the record would confirm that fact. The state argued that "there's no formalist[ic] require[ment, such that] it becomes not [RPO] if you don't write it on the judgment order." Further, the state reasoned that the sentencing court would not have indicated that the probationary sentences for defendant's identify theft convictions were dispositional departure sentences if it had not been applying the RPO statute, because grid block 2-E carries a presumptive sentence of probation. *See* OAR 213-004-0001; OAR ch 213, App 1. Thus, the state argued that, upon revocation of probation, defendant was subject to the presumptive sentences under ORS 137.717(1).

The judge—who had also imposed defendant's original sentence—agreed with the state and reasoned: "It is clear to me that I made a dispositional departure from a[n ORS 137.717(1)] case previously. It was not intended that the original temporary sentencing order reflect something different." Thus, upon revoking probation, the court imposed 13 months in prison and 12 months of post-prison supervision for each identity theft count and 19 months in prison, with 24 months of post-prison supervision, on the aggravated theft count. This appeal followed.

As noted, defendant does not dispute that, at the time of his original sentencing, the trial court could have imposed an RPO sentence in accordance with ORS 137.717(1). However, defendant renews the argument that he raised at the probation revocation hearing that the trial court may impose a sanction only according to the grid blocks set forth in his judgment of conviction. The state's argument on the merits remains that the trial court properly imposed RPO sentences after revoking defendant's probation. However, on appeal, the state also contends that we cannot reach the merits of this case, because ORS 138.222(2)(a) renders defendant's sanction unreviewable, and ORS 138.222(7)(b), in turn, precludes his appeal. We address the state's reviewability argument first. *See Meader v. Meader*, 194 Or App 31, 40, 94 P3d 123, *rev den*, 337 Or 555 (2004) (reviewability is a preliminary question).

In relevant part, ORS 138.222 provides:

"(2)  * * *  [O]n appeal from a judgment of conviction entered for a felony committed on or after November 1, 1989, the appellate court may not review:

"(a)  Any sentence that is within the presumptive sentence prescribed by the rules of the Oregon Criminal Justice Commission.

"* * * * *

"(7)  * * * The defendant may appeal under this subsection only upon showing a colorable claim of error in a proceeding if the appeal is from a proceeding in which: .

"* * * * *

"(b)   Probation was revoked * * *."[2]

The state contends that defendant's probation sanction does not fall outside of "the presumptive sentence prescribed by the rules of the Oregon Criminal Justice Commission" and that, therefore, we may not review that sanction. *See id.* The state relies on OAR 213-003-0001(16), which defines a "presumptive sentence" as a sentence that either falls within the sentencing guidelines grid block or as "a sentence designated as a presumptive sentence by statute." Because, under that rule, a "presumptive sentence" includes a statutory presumptive sentence, the state argues that defendant's sanction pursuant to the RPO statute is "within the presumptive sentence prescribed by the rules of the Oregon Criminal Justice Commission" and, therefore, is unreviewable under ORS 138.222(2)(a).

The Supreme Court's recent decision in *State v. Althouse*, 359 Or 668, 375 P3d 475 (2016), forecloses that argument. Under ORS 138.222(2)(a), the only sentences that are unreviewable are those designated as presumptive sentences under the sentencing guidelines grid, and not those sentences designated as presumptive by statute. *See id.* at 678. The court concluded that:

> "[T]he phrase in ORS 138.222(2)(a)—'[a]ny sentence that is within the presumptive sentence prescribed by the rules of the Oregon Criminal Justice Commission'—can only have one referent: The phrase refers to a sentence that comes within the range of presumptive sentences prescribed by a sentencing guidelines grid block. * * * ORS 138.222(2)(a) does not preclude review of a presumptive sentence that is not contained within a grid block."

*Id.* at 676 (second brackets in original); *see also State v. Webster*, 280 Or App 217, 220, 380 P3d 1165 (2016). Because the sanction the court imposed in this case does not fall within the presumptive sentencing range for any sentencing guidelines grid block, defendant's claim of error is reviewable.[3]

---

[2] ORS 138.222 applies in felony probation revocation proceedings, even though it references a "sentence" rather than a "sanction." *State v. Johnson*, 271 Or App 272, 274-75, 350 P3d 556 (2015); *see State v. Lane*, 357 Or 619, 638, 355 P3d 914 (2015).

[3] Our conclusion that defendant's claim of error is reviewable also resolves the state's related argument that ORS 138.222(7)(b) precludes his appeal.

We now turn to the merits. At issue in this case is the scope of the trial court's authority to impose a probation sanction. That is a question of law that we review for legal error. *State v. Templeton*, 275 Or App 69, 71, 364 P3d 6 (2015).

ORS 137.545(5)(b)[4] and OAR 213-010-0002 establish the sanction that a court may impose upon revoking felony probation. ORS 137.545(5)(b) provides, in relevant part:

> "For defendants sentenced for felonies committed on or after November 1, 1989, the court that imposed the probationary sentence may revoke probation supervision and impose a sanction as provided by rules of the Oregon Criminal Justice Commission."

In turn, OAR 213-010-0002 provides, in part:

> "(1) For those offenders whose presumptive sentence was probation, the sentence upon revocation shall be to the supervisory authority for a term up to a maximum of six months.

> "(2) For those offenders whose probationary sentence was *** a departure from a presumptive prison sentence ***, the sentence upon revocation shall be a prison term up to the maximum presumptive prison term which could have been imposed initially, if the presumptive prison term exceeds 12 months. For those presumptive prison terms 12 months or less, the sentence upon revocation shall be to the supervisory authority, up to the maximum presumptive prison term."

Defendant argues that, upon revoking probation, the trial court's authority to impose a sanction was limited by the specific language of his judgment of conviction. Defendant reasons that the "presumptive sentence" that OAR 213-010-0002 authorizes the court to impose for a probation violation must mean the "presumptive sentence" corresponding to the grid blocks that the court set forth in the judgment. Thus, defendant concludes, the court exceeded its authority when it imposed a sanction corresponding to ORS 137.717(1), which the judgment does not reflect in any way.

---

[4] ORS 137.545 (2009) was the version of the statute in effect at the time of defendant's convictions. All references in this opinion to ORS 137.545 are to that version of the statute.

The state responds that it does not matter that the original judgment lists only the guidelines grid blocks and does not state that defendant was convicted of RPO crimes. In the state's view, because defendant does not dispute that he was originally subject to ORS 137.717(1), the court may sanction him by imposing RPO sentences, which were, in his case, "the maximum presumptive prison term[s] which could have been imposed initially," OAR 213-010-0002(2). The state is mistaken. Our case law makes clear that the terms of the judgment control what sanction is available upon revocation of probation. Thus, we agree with defendant that the trial court could only impose a sanction based upon the grid blocks that the judgment of conviction listed.

We considered what sanctions OAR 213-010-0002 authorizes upon revocation of probation in *State v. Hoffmeister*, 164 Or App 192, 990 P2d 910 (1999). In that case, the defendant was convicted of burglary and sentenced to three years of probation under grid block 7-I, a presumptive probation classification. *Id.* at 194. By the time the defendant was later in court for a probation violation, the trial court had determined that the 7-I classification had not accurately reflected the defendant's complete criminal history. *Id.* Based upon the defendant's true criminal history, the court reclassified the defendant's conviction as 7-C, a presumptive prison grid block. *Id.* The court then imposed a revocation sanction based on the new grid block, 7-C, rather than the 7-I grid block cited in the judgment of conviction. *Id.* The defendant did not dispute that, originally, the court could have sentenced him under grid block 7-C, but, nonetheless argued that the grid block cited in the judgment of conviction limited the sanction available for his probation violation. *Id.* We agreed. *Id.* at 196-97. We noted that "[t]rial courts have no inherent authority to modify executed sentences." *Id.* at 196. Thus, "[o]nce a probation sentence is executed, OAR 213-010-0002 limits revocation sanctions to those that flow from the gridblock *used at the time of sentencing.*" *Id.* (emphasis added).[5]

---

[5] Probationary sentences are executed either when the judgment is entered or on the date of sentencing, if that is the clear intent of the judgment. *State v. Quackenbush*, 116 Or App 453, 455, 841 P2d 671 (1992).

We extended and clarified that holding in *State v. Bolf*, 217 Or App 606, 176 P3d 1287 (2008). There, we held that it is the judgment of conviction—and not the circumstances of the original sentencing—that controls what sanction is available upon revocation of probation. *Id.* at 609. In *Bolf*, the seriousness of the defendant's crime and her true criminal history apparently placed her at grid block 6-C at the time of sentencing, but, pursuant to stipulation, the judgment ranked the defendant's conviction as a 6-F, and the trial court sentenced her to probation accordingly. *Id.* at 608. Although 6-F is a presumptive probation grid block, the judgment in that case stated that the defendant's probationary sentence was a dispositional downward departure, arguably suggesting that her true presumptive sentence was a prison term. *Id.* Upon revoking the defendant's probation, the court relied on OAR 213-010-0002(2) and imposed a prison term in accordance with grid block 6-C rather than the 6-F grid block reflected in the judgment. *Id.* The defendant appealed, challenging that sanction, and the state conceded error. *Id.* at 609. In accepting that concession, we recognized that the state had correctly acknowledged *Hoffmeister*'s controlling effect, even though the judgment stated that the probationary sentence was a dispositional departure. *Id.* Despite that indication that the defendant had initially faced a presumptive prison sentence, the court could not impose that sanction, because the grid block cited in the judgment "define[d] and constrain[ed] the sanctions available upon revocation." *Id.*

Thus, under *Hoffmeister* and *Bolf*, the terms of the judgment control the sanction that a trial court may impose upon revocation. *Bolf*, 217 Or App at 609; *Hoffmeister*, 164 Or App at 196 ("Once a probationary sentence is executed, OAR 213-010-0002 limits revocation sanctions to those that flow from the gridblock used at the time of sentencing."). That limitation applies even when the parties do not dispute that the defendant initially could have been subject to a harsher presumptive sentence than the judgment ultimately reflected. *See Hoffmeister*, 164 Or App at 194 ("Defendant does not dispute the fact that, originally, he should have been sentenced under gridblock 7-C [instead of grid block 7-I].");￼ *see also State v. Anderson*, 243 Or App 222,

226-28, 258 P3d 1244, *rev den*, 350 Or 716 (2011) (judgment controlled sanction available upon revocation of probation, even though parties did not dispute that one of the convictions used to calculate defendant's criminal history score, as reflected in the original judgment, had been vacated by the time of revocation).

Notwithstanding *Bolf* and *Hoffmeister*, the state argues that the trial court in this case had the authority to impose the prison sanction it did. According to the state, it is significant that the presumptive sentence that the court imposed arose from a statutory scheme rather than the sentencing guidelines. That distinction, the state suggests, requires the terms of the judgment to give way to the controlling statute, ORS 137.717(1). Specifically, the state argues that, because ORS 137.717(1) establishes presumptive sentences for defendants subject to its terms, that statute also establishes the "presumptive sentence" for the purposes of ORS 137.545 and OAR 213-010-0002. That is because, the state reasons, the trial court was required to apply (and, in fact, did apply) that statute when it sentenced defendant. *See* ORS 137.717(1) (defining the prison terms it establishes as "presumptive sentences"); OAR 213-003-0001(16) (defining a "presumptive sentence" as a sentence provided in the sentencing guidelines grid block or as a "sentence designated as a presumptive sentence by statute").

We are not persuaded by that distinction. Our holdings in *Bolf* and *Hoffmeister* were premised on the fact that the judgment of conviction is the formal, final, and controlling document that concludes a criminal prosecution. *Bolf*, 217 Or App at 609; *Hoffmeister*, 164 Or App at 196-97. The state fails to explain how the statutory origin of the presumptive sentence in this case can limit the controlling effect of a judgment in a way that a guidelines requirement cannot.

Perhaps anticipating our response, the state alternatively makes an argument that it chose not to maintain on appeal in *Bolf. See* 217 Or App at 608. Namely, the state argues that, even if the judgment of conviction does control, its terms support the sanction that the trial court imposed in this case. The state correctly observes that the judgment describes all of the probationary sentences it imposes as

dispositional departures. As the state points out, the characterization of those sentences signals that, at a minimum, the identity theft convictions were subject to ORS 137.717(1) because, if those convictions were subject to the sentencing guidelines alone, they would have resulted in presumptive probation even if no departures had been granted. Thus, the state argues, the terms of the judgment itself indicate that those convictions were initially subject to the RPO statute.

Again, we are unpersuaded. As we have already noted, in *Bolf*, the judgment reflected that the defendant was subject to grid block 6-F; it also stated that the court was entering a dispositional downward departure to probation. 217 Or App at 608. Because 6-F is a presumptive probation grid block, the designation of the probationary sentence as a departure sentence arguably indicated that, at the time of his original sentencing, the defendant had been subject to a presumptive prison sentence under a different grid block. *Id.* Thus, in *Bolf*, before the trial court, the state argued that a presumptive prison grid block controlled the sanction that the court could impose for the defendant's probation violation. *Id.* Nonetheless, when the state changed course and conceded error on appeal, we accepted that concession, stating that, "because the judgment states that defendant's grid block was 6F, that determination defines and constrains the sanctions available upon revocation." *Id.* at 609. The state offers no material distinction between the inference available in *Bolf*—that the defendant had initially been subject to a presumptive prison grid block—and the inference that the state wants us to draw from the judgment in this case—that defendant initially was subject to the RPO statute. Absent any grounds to distinguish *Bolf*, we decline to do so here.

Because the terms of the judgment control the sanction available upon revocation of probation, the trial court erred when it imposed a sanction based on a statutory provision not cited in the judgment of conviction.[6]

Reversed and remanded.

---

[6] We express no opinion as to whether, under ORS 137.545, the trial could have imposed an RPO-based sanction—as opposed to a presumptive prison sentence under the sentencing guidelines—had the judgment expressly noted a departure from ORS 137.717.