Submitted September 2, reversed and remanded October 26 2016

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

PAUL EARL NETZLER,
*Defendant-Appellant.*

Umatilla County Circuit Court
CF100161; A159260

384 P3d 171

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Erik Blumenthal, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Sercombe, Presiding Judge, and Flynn, Judge, and DeHoog, Judge.

**SERCOMBE, P. J.**

In 2010, defendant in this case pleaded guilty to two counts of first-degree sexual abuse. In 2014, defendant, who was incarcerated, filed a petition for appointment of counsel at state expense under ORS 138.694 (2013) to assist him in determining whether to request DNA testing under ORS 138.690 to 138.698.[1] The court denied the petition, and defendant appealed. On appeal, the parties filed a joint motion for remand, which was granted. Accordingly, the trial court's order was vacated and the case remanded for reconsideration. On reconsideration, the trial court again denied defendant's petition for appointment of counsel.

A defendant who has been convicted of, *inter alia*, first-degree sexual abuse may "file a petition in the circuit court in which the judgment of conviction was entered requesting appointment of counsel at state expense to assist the person in determining whether to file a petition under ORS 138.690 [for DNA testing]."[2] ORS 138.694 (2013). The petition must be accompanied by:

"(a)   A completed affidavit of eligibility for appointment of counsel at state expense; and

"(b)   An affidavit stating that:

"(A)   The person meets the criteria in ORS 138.690(1);

"(B)   The person is innocent of the charge for which the person was convicted * * *;

---

[1] ORS 138.690 and ORS 138.694 were amended in 2015. Or Laws 2015, ch 564, §§ 1, 3. Although those amendments would not affect the result in this case, all references to the statutes in this opinion are to the 2013 version of statutes that were in effect in 2014 when defendant filed his motion. We note, however, that ORS 138.694 now provides that a "person described in ORS 138.690 is entitled to counsel during all stages of the proceedings described in ORS 138.692, 138.696 and 138.697."

[2] Under ORS 138.690,

"[a] person may file in the circuit court in which the judgment of conviction was entered a motion requesting the performance of DNA (deoxyribonucleic acid) testing on specific evidence if the person:

"(1) Is incarcerated in a Department of Corrections institution as the result of a conviction for aggravated murder or a person felony as defined in the rules of the Oregon Criminal Justice Commission; or

"(2) Is not in custody but has been convicted of aggravated murder, murder or a sex crime as defined in ORS 181.805."

"(C) The identity of the perpetrator of the crime or conduct was at issue in the original prosecution ***; and

"(D) The person is without sufficient funds and assets, as shown by the affidavit required by paragraph (a) of this subsection, to hire an attorney to represent the person in determining whether to file a motion under ORS 138.690."

ORS 138.694(1). Under ORS 138.694(2), the court "shall grant" a petition for appointment of counsel if

"(a) The petitioner complies with the requirements of subsection (1) of this section; and

"(b) It appears to the court that the petitioner is financially unable to employ suitable counsel possessing skills and experience commensurate with the nature and complexity of the matter."

Defendant attached to his petition the affidavits required by ORS 138.694(1), and, as the state concedes, he filed an affidavit "that complied with the requirements set forth in ORS 138.694(1)(b)(A) - (D)." Under the circumstances, the state concedes that the trial court erred in denying defendant's petition for appointed counsel. We agree, and accept the state's concession.

In denying defendant's petition for appointed counsel on remand, the court noted that defendant had pleaded guilty and observed that, although defendant's affidavit stated that the perpetrator of the crime was at issue, "because Defendant has pled guilty, the Court does not find that the identity of the perpetrator was at issue." However, at the appointment of counsel stage, the trial court is not tasked with evaluating the credibility of the assertions of the affidavit under ORS 138.694(1)(b). Instead, the court "shall grant" the petition for appointment of counsel if a defendant has complied with ORS 138.694(1) and if it "appears to the court that" the defendant is "financially unable to employ suitable counsel."

Reversed and remanded.