Argued and submitted August 27, 2015, reversed and remanded
December 29, 2016

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## RONALD RICHARD ALEGRE,
*Defendant-Appellant.*

Deschutes County Circuit Court
99CR1257AB; A155143

388 P3d 1142

Shawn E. Wiley, Deputy Defender, argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Ryan P. Kahn, Assistant Attorney General, argued the cause for respondent. On the briefs were Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Carolyn Alexander, Assistant Attorney General.

Before Ortega, Presiding Judge, and Lagesen, Judge, and Schuman, Senior Judge.

128

## ORTEGA, P. J.

Defendant appeals the denial of his petition for court-appointed counsel for the purposes of DNA testing. He contends that, because his petition met all of the statutory requirements, appointment of counsel was mandatory under ORS 138.694 (2013), *amended by* Oregon Laws 2015, chapter 564, section 3.[1] On review of the full record, it is clear that the trial court denied his petition because it believed, incorrectly, that defendant sought counsel for purposes of direct appeal. Because the court never evaluated the adequacy of the petition for the purpose of preparing and filing a motion for DNA testing, we reverse and remand.

The relevant facts are mostly procedural. In 2000, defendant was convicted of first-degree sodomy and sexual abuse. In 2013, while incarcerated, defendant filed a petition for court-appointed counsel along with a motion requesting DNA testing, an affidavit in support of his motion for DNA testing, an application for waiver of fees, and a proposed order for appointment of counsel. The petition for counsel appears to be a form motion provided by Two Rivers Correctional Institution for inmates seeking appointment of counsel for direct appeal. The petition's caption reads, "Defendant's Motion to Proceed as an Indigent Person and Request for Appointment of Counsel (ORS 138.500)." Defendant handwrote "SB 42" under that caption, an apparent reference to DNA testing laws.[2]

The trial court denied defendant's petition for court-appointed counsel, handwriting, "DENIED. Appeal was completed in 2008[,]" on the proposed order. Defendant had, in fact, filed a notice of appeal of his underlying case in 2007, which was dismissed as untimely in 2008. The court did not indicate a ruling on defendant's motion for DNA testing.

---

[1] We refer to the 2013 version of ORS 138.694 in the remainder of this opinion because that is the statute that was in effect at the time that petitioner filed his motion for appointment of counsel. *See State v. Netzler*, 281 Or App 822, 823 n 1, 384 P3d 171 (2016).

[2] Shortly before defendant filed his motion, the Oregon legislature passed Senate Bill (SB) 42 (2013), which allowed the appeal of orders and judgments denying or limiting DNA testing or appointment of counsel. *See* Or Laws 2013, ch 152, § 1.

On appeal, defendant assigns error to the trial court's denial of his petition for court-appointed counsel. He argues that, because his petition met all the substantive requirements of ORS 138.694(1),[3] the trial court was required to appoint counsel based on the plain language of ORS 138.694(2) ("The court shall grant a petition filed under this section" if the requirements under subsection (1) are met and if it "appears to the court that the petitioner is financially unable to employ suitable counsel.").

The state, in turn, raises three primary arguments as to why the denial was proper. First, the state argues that, because defendant's petition was labeled as a motion for counsel under ORS 138.500, the trial court was not obligated to construe it as a petition for counsel for DNA testing. Second, the state argues that defendant did not meet the substantive requirements of ORS 138.694(1). Third, the state argues that defendant was not entitled to appointed counsel because his motion for DNA testing was not timely—defendant filed his DNA motion in 2013 even though he was able to do so since 2001.

We review for legal error whether a trial court's denial of counsel comports with a defendant's statutory right to counsel. *See State v. Templeton*, 275 Or App 69, 364 P3d 6 (2015) (reviewing the denial of the defendant's petition for court-appointed counsel for legal error).

We have previously held that a trial court "shall grant the petition for appointment of counsel if a defendant

---

[3] ORS 138.694(1) required:

"(a) A completed affidavit of eligibility for appointment of counsel at state expense; and

"(b) An affidavit stating that:

"(A) The person meets the criteria in ORS 138.690(1);

"(B) The person is innocent of the charge for which the person was convicted or of the conduct that resulted in a mandatory sentence enhancement;

"(C) The identity of the perpetrator of the crime or conduct was at issue in the original prosecution or, if the person was documented as having mental retardation prior to the time the crime was committed, should have been at issue; and

"(D) The person is without sufficient funds and assets, as shown by the affidavit required by paragraph (a) of this subsection, to hire an attorney to represent the person in determining whether to file a motion under ORS 138.690."

has complied with ORS 138.694(1) and if it appears to the court that the defendant is financially unable to employ suitable counsel." *State v. Netzler*, 281 Or App 822, 824, 384 P3d 171 (2016) (internal quotation marks omitted). Here, it is apparent from the court's explanation ("Appeal completed in 2008.") and the record before us that the court's denial was premised on the belief that defendant sought appointment of counsel for a direct appeal under ORS 138.500. That is, it is evident that the trial court never evaluated whether defendant's petition for appointed counsel met the requirements of ORS 138.694. Thus, the dispositive issue in this case is whether the court erred by failing to consider defendant's motion under that statute. We conclude that it did.

We have previously made clear that the "character of a motion is not determined by its caption, but by its substance." *Assoc. Unit Owners of Timbercrest Condo. v. Warren*, 242 Or App 425, 428, 256 P3d 146 (2011), *aff'd on other grounds*, 352 Or 583, 288 P3d 958 (2012); *see also State v. Barone*, 329 Or 210, 221, 986 P2d 5 (1999), *cert den*, 528 US 1086 (2000) ("We address defendant's motion according to its substance, not its caption."). In this case, it is apparent from the record before us that defendant sought appointment of counsel for DNA testing under ORS 138.694. Defendant demonstrated his intent to seek appointment of counsel for the purpose of DNA testing by citing "SB 42" at the top of his petition and by filing the petition alongside a motion for DNA testing. Indeed, the certificate of service indicates that petitioner's motions were filed simultaneously with the court. Thus, on this record, we are satisfied that defendant's petition for court-appointed counsel is what he claims it is—a petition for appointment of counsel under ORS 138.694. Accordingly, we reverse and remand to the trial court to evaluate, in the first instance, whether the requirements of ORS 138.694 were met.[4]

Reversed and remanded.

---

[4] Given our disposition, we decline to address the state's second and third arguments, as they are premised on the assumption that the court considered and denied defendant's motion under the correct legal standard (ORS 138.694), which, as indicated above, it did not.