LAGESEN, P. J., concurring.
When the trial court revoked defendant's probation and ordered him to serve 36 months' incarceration, it did exactly what the original sentencing judgment instructed: "Defendant to serve 36 months DOC if probation is revoked." Although defendant did not object to the court's imposition of the term of incarceration specified in the judgment, the state and defendant both agree that, under our decision in State v. Hoffmeister , 164 Or. App. 192, 990 P.2d 910 (1999), *39 the trial court plainly erred by adhering to the terms of the judgment, rather than imposing the 18-month term of incarceration contemplated under OAR 213-010-0002(2). Apart from confirming the correctness of the state's concession, the only question for us is whether to exercise our discretion under ORAP 5.45(1) to correct the error. Although I ultimately agree with my colleagues in the majority that we should, I write separately for two reasons. First, the anodyne description of the underlying facts contained in the majority opinion fails to capture fully the competing considerations at play in this case. Those considerations, in my view, warrant a fuller explanation of our decision to exercise our ORAP 5.45(1) discretion. Second, my reasons for concluding that we should exercise that discretion are different from those of my colleagues.
To understand why this case presents a challenging discretionary call requires an understanding of how, precisely, defendant has ended up serving the term of incarceration that he now challenges. In particular, it requires an understanding of how the sentencing court's decision to grant defendant's request for probation-a lenient sentence under the circumstances-was contingent upon the trial court's understanding that defendant would serve a significant prison term if he failed to comply with the requirements of that probation.
The victim of defendant's assaults was a two-year-old girl in his care. Defendant was 27 years old at the time. A doctor who examined her at the hospital found many bruises over the child's body: two bruises on her forehead, bruises in front and back of her left ear, bruises on her left cheek and on her chin, a bruise over her right cheek, a bruise on her right arm, and multiple bruises on her buttocks. At the time of his arrest, defendant admitted to slapping the child in the face and spanking her, and acknowledged that he was responsible for at least some of the bruises on her face, as well as the bruises on her buttocks. In pleading guilty to two counts of assault, defendant admitted not only that he intentionally injured the child, he also stipulated that the assaults involved aggravating circumstances, including that he "was deliberately cruel to the victim by acts charged in the indictment and other acts not charged," and also that he *40 knew that the victim was particularly vulnerable because "she was one or two years of age, which increased the threat of harm" to her.
The state asked the trial court to sentence defendant to a total of 45 months' incarceration, including a 27-month term of incarceration on the assault count for which defendant currently is serving time. Defendant urged the court to impose probation. The court saw things differently than either party. It determined that defendant's conduct warranted the maximum possible term of incarceration allowed with permissible upward dispositional and durational departures: 54 months. But, there were reasons to give defendant a chance to avoid prison completely: "I would rather have him operating a business and able to afford treatment now rather than going to prison, losing his income and his ability to earn money and not be able to afford treatment later." Accordingly, the court explained that it would sentence defendant to probation for both assaults, subject to defendant serving a total of 54 months' incarceration if probation was revoked, including 36 months' incarceration on the conviction on which defendant currently is incarcerated, and 18 months' incarceration on the other conviction. The court warned defendant that, if he failed to comply with the terms of *492 probation, he would be serving the 54-month sentence:
"Because if you can't take this seriously at this point after going through the process that you've gone through in the last year, if you can't take this seriously enough to be at every single group, domestic violence group, and every single probation appointment, then we're not getting the message through to you and you should do the prison time.
"The only reason you're being given this chance is because I believe that you will be a greater threat to a child in the future if you just go to prison without an opportunity to do this."
Although the state questioned whether the court's proposed sentence was permissible and, in particular, whether the court could lawfully "aggravate and mitigate on the same sentence order," defendant's lawyer reassured the court that *41 she was "not aware of any administrative rule that prohibits" the arrangement contemplated by the court.
Rather than heeding the trial court's warning, defendant, within a matter of months, stopped reporting to his probation officer and did not complete the programs that the court had contemplated that he would. For that reason, the court revoked defendant's probation on one of his two convictions and imposed the 18-month term of incarceration that the original sentencing judgment specified was to be imposed upon revocation of probation on that count. The court reiterated that defendant's underlying crimes warranted the full 54 months of incarceration, but that it still thought that defendant would benefit from treatment and, for that reason, it continued defendant's probation on the other count.
Defendant completed the term of incarceration and, upon his release, complied with the terms of his probation for approximately 10 months, at which point he committed the probation violations that led to the imposition of the term of incarceration that defendant is challenging in this appeal. At the probation violation hearing, defendant's probation officer told the court that, notwithstanding the "suspended sentence," he recommended that defendant be sanctioned with 30 days' incarceration. The probation officer explained that defendant was a "good worker," but had become dependent on opioid that he was "using to function during the day at work." The probation officer thought that a 30-day period of incarceration would give defendant "some clarity of mind" so that he would be ready to obtain treatment for his opioid addiction upon his release. The court rejected that recommendation and imposed the 36-month term of incarceration contemplated by the original sentencing judgment.
It is against this backdrop that defendant asks us to exercise our discretion to correct the court's error, and it is this backdrop that makes the question whether to do so a difficult one.
On the one hand, defendant bears a great deal of responsibility for the trial court's imposition of the 36-month term of incarceration. At his original sentencing, defendant *42 encouraged the court to sentence him in that manner. Defendant did not question the court's authority to do so at the time. Instead, defendant's counsel told the court that she was not aware that the arrangement contemplated by the court would be prohibited by any administrative rule. In addition, defendant affirmatively benefited from the court's mistake of law. Rather than receiving the term of incarceration that the court concluded was warranted by defendant's assault of a child, defendant received a lenient sentence of probation. Although, ultimately, defendant did not succeed on probation, the fact that he had the opportunity to avoid incarceration completely at the outset of the case appears to be attributable to the court's belief that it could require defendant to serve the whole 54 months of incarceration if defendant failed on probation. Finally, defendant's generally lackluster performance on probation cuts in favor of requiring him to serve the full term of incarceration he would have faced had defendant pointed out to the trial court at his initial sentencing that it could not do what it wanted to do.
On the other hand, it is undisputed that, under Hoffmeister , the 36-month term of incarceration contemplated by the original sentencing court is unlawful. If we were to decline to correct the error, then defendant *493 would be deprived of his liberty for approximately one more year simply because his lawyer did not raise the issue below; had defendant's lawyer raised the issue in the probation-revocation proceeding below, we would have no choice but to reverse. That is so notwithstanding the considerations that weigh against defendant in the ORAP 5.45(1) discretionary calculus. Additionally, when the 18 months that defendant served when his probation was revoked the first time is added to the approximately 22 months he has served on the term of incarceration at issue on appeal, defendant has served approximately 40 months in prison for his assaults-just five months short of the amount of time the state advocated would be an appropriate sentence for defendant's conduct. This suggests that a reversal would not impair the state's legitimate interest in ensuring that defendant serve an appropriate punishment for his crime. In other words, defendant's role in persuading the court to sentence him in the erroneous way that it did does not mean, on the facts of *43 this case, that defendant has evaded a fair term of incarceration for his offenses. Finally, defendant's probation officer's assessment of defendant's amenability to treatment also weighs in favor of correcting the error so that defendant can obtain the treatment that the record strongly indicates that he needs.
It is for these latter reasons that I conclude that we should exercise our ORAP 5.45(1) discretion to correct the plain error in this case, notwithstanding the considerations pointing the other direction. In reaching this conclusion, however, I am not persuaded, as my colleagues in the majority are, that the fact that defendant's sentence is unlawful tips the balance in favor of defendant under the circumstances of this case. For one, the Supreme Court expressly has cautioned us against relying too heavily on that factor alone. State v. Fults , 343 Or. 515, 522-23, 173 P.3d 822 (2007). Here, given defendant's role in persuading the court to impose the sentence that it did at the outset of the case, that factor warrants little weight. Beyond that, I disagree with my colleagues in the majority that the legislature has signaled to us a policy choice that we should exercise our discretion to correct unlawful sentences on plain-error review. Quite the contrary, the fact that the legislature has excluded certain unlawful sentences from appellate review completely belies the notion of any such policy choice. See, e.g. , ORS 138.105(9) ; State v. Silsby , 282 Or. App. 104, 112-13, 386 P.3d 172 (2016), rev. den. , 360 Or. 752, 388 P.3d 726 (2017) (discussing limits on review of stipulated sentences imposed by former ORS 138.222 (2015), repealed by Or. Laws 2017, ch. 529, § 26).
I respectfully concur in the decision to reverse and remand for the reasons explained.