***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted June 24; imposition of fine reversed, otherwise affirmed
August 31, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RYAN JOSEPH HARJU,
*Defendant-Appellant.*

Washington County Circuit Court
19CR05302; A175359

Eric Butterfield, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Stephanie J. Hortsch, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before James, Presiding Judge, and Aoyagi, Judge, and Joyce, Judge.

JOYCE, J.

Imposition of fine reversed; otherwise affirmed.

**JOYCE, J.**

Defendant appeals from a judgment of conviction for first-degree forgery. Defendant was convicted of that charge after first entering a preconviction conditional-discharge diversion, *see* ORS 475.245, and then violating the terms of that diversion. On appeal, he assigns error to the trial court's imposition of a $200 fine and a 30-month sentence under ORS 137.717, the repeat property offender (RPO) statute. We agree with defendant (and the state) that the trial court erred in imposing the $200 fine. We further conclude that the court did not err in its imposition of the 30-month sentence. Accordingly, we reverse the imposition of the fine and otherwise affirm.

The relevant facts are few. In 2019, defendant agreed to plead guilty to first-degree forgery and entered into the conditional-discharge diversion under ORS 475.245. ORS 475.245 allows courts to "defer further proceedings and place the person on probation" if a person is charged with particular offenses. Thereafter, the trial court issued an "order entering drug court," which expressly provided that it was *not* a judgment of conviction. The trial court placed defendant on five years of probation with certain conditions. *See* ORS 475.245(1) (requiring the terms of probation to be defined by a probation agreement). The trial court also initially imposed a $200 fine, but the prosecutor told the court that the parties had agreed to waive the fine. Thus, the trial court's order did not include that fine.

In 2020, defendant admitted that he violated the terms of his probation by absconding. At the hearing on defendant's violation, the trial court revoked defendant's probation and entered a judgment of conviction for forgery. Further, the court imposed the presumptive 30-month prison sentence under the RPO statute, to which defendant did not object. In its oral ruling, the trial court did not impose any fine; however, the judgment included a $200 fine.

On appeal, defendant argues that the trial court erred in imposing that fine because the trial court did not first orally impose it. The state concedes the error. We accept the concession. *See State v. Hillman*, 293 Or App 231, 233, 426 P3d 249 (2018) (trial court erred in imposing $25

probation-violation fee not announced in open court). Given that the sentencing court had previously expressly waived the fine, the state also urges us to reverse the part of the judgment that contains the fine. We agree with and accept that proposed disposition. *State v. Hurst*, 282 Or App 915, 916, 385 P3d 1285 (2016) (reversing part of judgment containing unlawfully imposed fee).

In his second assignment of error, defendant argues that the trial court committed plain error in entering a 30-month prison sentence. Defendant does not dispute that his forgery conviction was subject to the 30-month presumptive sentence under the RPO statute, ORS 137.717. He also does not dispute that, had he not agreed to the conditional-discharge diversion, he would have been subject to that presumptive sentence. Instead, he relies on ORS 137.545(5)(b), which provides that "the court that imposed the probationary sentence may revoke probation supervision and impose a sanction as provided by rules of the Oregon Criminal Justice Commission." Under those rules, for an offender "whose presumptive sentence was probation, the sentence upon revocation" shall not exceed six months. OAR 213-010-0002(1). Because we conclude that any error is not plain, we affirm.

Defendant analogizes the circumstances of this case to those in *State v. Denson*, 280 Or App 225, 380 P3d 1170 (2016). We disagree that, at least in the plain error context, *Denson* is analogous. In *Denson*, we concluded that the terms of the judgment limited the sanction that the court could impose after the defendant violated his probation. *Id.* at 235. In that case, the defendant pleaded guilty to crimes that qualified for an RPO sentence. *Id.* at 227. Rather than imposing a sentence under the RPO statute, the sentencing court imposed a downward dispositional departure to probation. *Id.* The judgment of conviction listed only the otherwise-applicable grid block classifications for his convictions; it did not explicitly state that the convictions were eligible for a sentence under the RPO statute. *Id.* The defendant then violated the terms of his probation, and the trial court imposed a prison sentence under the RPO statute. *Id.* at 228-29.

The defendant appealed, arguing that OAR 213-010-0002 did not allow the court to impose a prison term because the original judgment of conviction did not reflect that RPO sentences had ever applied. *Id.* at 231. We agreed. *Id.* at 232. We began by noting that OAR 213-010-0002 provides that for an offender whose

> "*probationary sentence* was * * * a departure from a presumptive prison sentence * * *, the sentence upon revocation shall be a prison term up to the maximum presumptive prison term which could have been imposed initially, if the presumptive prison term exceeds 12 months. For those presumptive prison terms [of] 12 months or less, the sentence upon revocation shall be to the supervisory authority, up to the maximum presumptive prison term."

*Id.* at 231 (emphasis added). Applying that rule, we concluded that the terms of the judgment of conviction limited the sanction that was available for a probation violation, even where—as in *Denson*—the parties did not dispute that the defendant could have been subject to a harsher penalty than the judgment ultimately reflected. *Id.* at 233.

In defendant's view, because the initial disposition in this case did not reference a sentence under the RPO statute, as in *Denson*, the trial court could not impose a prison term. However, here, unlike in *Denson*, prior to violating the terms of the conditional discharge, defendant had not been convicted and the trial court had not entered a judgment sentencing defendant. Rather, the trial court originally entered an "order entering drug court" and imposed a conditional five-year probationary disposition. In this conditional discharge context, it is not plain that OAR 213-010-0002 applies. *See* ORS 137.545(5)(b) (the rule applies when a court "imposed [a] probationary sentence"). Thus, we cannot say that in the context of plain-error review, any error of law is "obvious and not reasonably in dispute." *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013).

Imposition of fine reversed; otherwise affirmed.