Argued and submitted November 30, 1993, affirmed January 26, petition for review denied April 26, 1994 (319 Or 36)

# STATE OF OREGON,
*Respondent,*

*v.*

# JOHNNY GUYTON,
*Appellant.*

## (9206-33086; CA A77463)

868 P2d 1335

Jesse Wm. Barton, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

De MUNIZ, J.

## De MUNIZ, J.

Defendant was charged with robbery in the first degree, kidnapping in the first degree, sodomy in the first degree, sexual penetration in the first degree, assault in the fourth degree and compelling prostitution. ORS 164.415; ORS 163.405; ORS 163.411; ORS 163.160; ORS 167.017. Pursuant to a plea agreement, he pled no contest to attempted kidnapping in the second degree. ORS 163.225; ORS 161.405. The agreement recited:

> "Guideline gridblock 7D applies for sentencing. Stipulate dispositional departure to 3 years probation. 59 days jail with credit for time served. No contact with [victim]. Obey all law/ Standard conditions. CAA = $369.00 VA = $50.00 Supervision fee. Dismiss counts 1, 3, 4, 5 and 6."

The court accepted the agreement and imposed a downward dispositional departure sentence of probation. Three months later, defendant's probation was revoked. At the hearing, the court noted that grid block 7-D did not accurately reflect defendant's criminal history, as required by ORS 135.407(1), and that it was correcting the error and sentencing defendant under the correct grid block of 7-A. Defendant argues that his sentence is excessive, because the court erred in changing the grid block set out in the plea agreement and in sentencing him to a term within that new block.

■ The state argues that we may not review defendant's claim of error on direct appeal. Review of sentences for felony convictions is governed by ORS 138.222. The state argues that review is precluded under that statute, either because the sentence resulted from an agreement, ORS 138.222(2)(d); *State v. Adams*, 315 Or 359, 847 P2d 397 (1993), or because the sentence is within the presumptive range. ORS 138.222(2)(a).

■ Defendant contends that he is not appealing a "sentence" but, instead a "probation revocation sanction." He argues, therefore, that his sentence may be reviewed under ORS 138.053(3), which provides:

> "Notwithstanding ORS 138.040 and 138.050, upon an appeal from a judgment or order that [imposes or executes a sentence upon revocation of probation] the appellate court

> may review the order that revoked the defendant's probation or sentence suspension."

Defendant argues that, because ORS 138.053(3) was enacted during the same session as the sentencing guidelines, the legislature demonstrated an intent that probation revocation sanctions would not be reviewable exclusively under ORS 138.222.

We do not agree that ORS 138.053(3) permits review of the sentence imposed upon probation revocation, irrespective of the limits on review of sentences under ORS 138.222. Review under ORS 138.053(3) is limited to the *order that revoked the probation*. Defendant's sentence did not revoke probation; it followed the revocation.

OAR 253-10-002 provides for revocation sanctions. Under subsection (2),

> "[f]or those offenders whose probationary sentence was either a departure from a presumptive prison sentence or a sentence imposed pursuant to OAR 253-05-006, the *sentence upon revocation* shall be a prison term up to the maximum presumptive prison term which could have been imposed initially." (Emphasis supplied.)

Review of the sentence on revocation is governed by ORS 138.222. Defendant's position is that the plea agreement limited any revocation sanction to a sentence within the terms of grid block 7-D. If that is so, defendant's sentence under grid block 7-A would not have resulted from the agreement, nor would it be within the presumptive range. However, we do not agree that the plea agreement controls the prison term upon revocation.

■ Under ORS 135.407(1), a plea agreement must include the defendant's criminal history classification. Including the grid block in the agreement gives the court information from which it can decide to accept or reject the parties' agreement. The agreement here showed the classification "D." Irrespective of whether that classification was an error, the presumptive sentence for grid block 7-D is a prison term. However, as the agreement clearly shows, the parties were not stipulating to a sentence within grid block "D." The stipulation was that defendant's sentence would

*not* be a prison term, but, instead, a dispositional departure. Under the guidelines, that probationary term is a *sentence:*

> " 'Dispositional departure' means a sentence which imposes probation when the presumptive sentence is prison or prison when the presumptive sentence is probation. An optional probationary sentence is not a dispositional departure." OAR 253-03-001(6).

The court accepted the agreement and complied with its terms. It sentenced defendant to a dispositional departure of probation and dismissed the remaining charges.

Neither ORS 135.407 nor the guidelines gives a sentencing court the discretion to accept or reject agreements as to what sanction will be imposed if probation is revoked.[1] That is governed by OAR 253-10-002 and, in this case, it is a sentence of the "maximum presumptive prison term which could have been imposed initially."[2] Defendant recognizes that, including his juvenile adjudications,[3] his criminal history yields a score of "A" and that the assessment of "D" is error. Because the agreement does not control the sentence on revocation, and because defendant's conviction resulted in a crime seriousness ranking and criminal history of grid block 7-A, defendant's sentence "initially" could have been imposed under that grid block.

---

[1] A mandatory prison term is the sanction for failing probation. The rules do not envision that a defendant may control the terms of that sanction. As stated in the commentary to OAR 253-10-002:

> "[OAR 253-10-002(2)] reflects a policy judgment by the Guidelines Board that an offender granted probation in lieu of presumptive imprisonment should remain subject to *the imprisonment that the court could have imposed as a presumptive sentence under these guidelines.* This sanction policy should encourage probationary sentences in appropriate cases because the sentencing judge retains the authority to impose the more substantial prison term. The policy should also encourage compliance with the conditions of probation because the offender will be aware of the more severe revocation penalty." *Oregon Sentencing Guidelines Implementation Manual* 170 (1989). (Emphasis supplied.)

[2] On the basis of pre-guidelines cases, defendant argues that, even if his criminal history score was in error, the court "could not later amend the sentence; all it could do was execute it." *See State v. Stevens*, 253 Or 563, 456 P2d 494 (1969); *State v. Haines*, 90 Or App 347, 752 P2d 333 (1988). However, the cases on which defendant relies are not authoritative, given the different sentencing scheme of the guidelines.

[3] Defendant's position that his juvenile adjudications could not be used to assess his adult criminal history score was answered adversely to his position in *State v. Stewart*, 123 Or App 147, 859 P2d 545 (1993).

■ Under ORS 138.222(2)(a), we may not review

"[a]ny sentence that is within the presumptive sentence prescribed by the rules of the State Sentencing Guidelines Board."[4]

Defendant's sentence here was prescribed by the rule for revocation sanctions and is within the presumptive range of grid block 7-A. We may not review it on direct appeal.

Affirmed.

---

[4] Defendant's claim of error is also not reviewable under ORS 138.222(4)(b), which provides for review of the "ranking [of] the crime seriousness classification of the current crime * * *." That classification is determined by the conviction.