On remand from the Oregon Supreme Court, *State v. McBride*, 366 Or 97, 455 P3d 925 (2020); reversed and remanded April 1, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

TERRI LYNN McBRIDE,
*Defendant-Appellant.*

Multnomah County Circuit Court
16CR20012; A163302

463 P3d 611

On remand from the Supreme Court, defendant renews her argument that the trial court erred in denying her motion to suppress evidence obtained during a warrantless search of her car. Specifically, she contends that she was unlawfully seized under Article I, section 9, of the Oregon Constitution when, during a traffic stop, an officer asked defendant if she had drugs in her car. Defendant argues that that question was unrelated to the purpose of the traffic stop, thus resulting in an unlawful seizure. *Held*: The trial court erred in denying defendant's motion to suppress. Because the officer's inquiry regarding drugs was not reasonably related to the purpose of the traffic stop and did not have an independent constitutional justification, it violated the subject-matter limitation that Article I, section 9, imposes on investigative inquiries during an ongoing seizure.

Reversed and remanded.

Gregory F. Silver, Judge.

Matthew Blythe, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Leigh A. Salmon, Assistant Attorney General, argued the cause for respondent. Also on the briefs were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Shorr, Judge.

TOOKEY, J.

Reversed and remanded.

**TOOKEY, J.**

This case is on remand to us from the Supreme Court, which vacated our decision in *State v. McBride*, 299 Or App 11, 447 P3d 1205 (2019), *vac'd and rem'd*, 366 Or 97, 455 P3d 925 (2020) (*McBride I*), in light of *State v. Arreola-Botello*, 365 Or 695, 451 P3d 939 (2019).

In *McBride I*, we concluded that the trial court did not err in denying defendant's motion to suppress, because an officer's question to defendant regarding whether she had any drugs in her car took place during an "unavoidable lull" in a traffic stop. 299 Or App at 18. That is, in *McBride I*, we concluded that defendant's rights under Article I, section 9, of the Oregon Constitution, were not violated, because the officer's inquiry concerning drugs did not extend the duration of the traffic stop.[1] *Id.* at 16-18; *see also Arreola-Botello*, 365 Or at 698 n 2 (explaining that "the Court of Appeals has held that, during an 'unavoidable lull,' an officer may ask unrelated questions during a traffic stop if those questions do not extend the duration of the stop").

After we decided *McBride I*, the Supreme Court issued *Arreola-Botello*, in which it rejected the "unavoidable lull" rule, and concluded that, "for the purposes of Article I, section 9, all investigative activities, including investigative inquiries, conducted during a traffic stop are part of an ongoing seizure and are subject to both subject-matter and durational limitations." *Arreola-Botello*, 365 Or at 712. Accordingly, "an officer is limited to investigatory inquiries that are reasonably related to the purpose of the traffic stop or that have an independent constitutional justification" and an "'unavoidable lull' does not create an opportunity for an officer to ask unrelated questions, unless the officer can justify the inquiry on other grounds." *Id.*

On remand from the Supreme Court, the state concedes that, "under the new rule of law announced in

---

[1] Article I, section 9, provides:

"No law shall violate the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search, or seizure; and no warrant shall issue but upon probable cause, supported by oath, or affirmation, and particularly describing the place to be searched, and the person or thing to be seized."

[*Arreola-Botello*], reversal is required in this case." For the reasons that follow, we accept the state's concession, and conclude that, in light of *Arreola-Botello*, the trial court erred in denying defendant's motion to suppress. Consequently, we reverse and remand.

"We review a trial court's denial of a motion to suppress for legal error." *State v. Rondeau*, 295 Or App 769, 770, 436 P3d 49 (2019) (citing *State v. Ehly*, 317 Or 66, 75, 854 P2d 421 (1993)). In this case, the facts dispositive to defendant's appeal, which are set out more fulsomely in *McBride I*, are undisputed.

Deputy O'Donnell stopped defendant's car after he saw defendant make an unsignaled turn. O'Donnell approached defendant's car, explained to her why he had pulled her over, and asked her for her driver's license, which she provided. After obtaining defendant's driver's license, O'Donnell radioed dispatch to request a records check. Because the dispatcher was working on other tasks, O'Donnell had to wait for his turn to conduct the records check. While waiting for his turn, O'Donnell asked defendant whether she had any drugs in her car. Defendant admitted that she had a small amount of methamphetamine in her purse. O'Donnell advised defendant of her *Miranda* rights and arrested her. O'Donnell then received defendant's consent to search her vehicle, searched her vehicle, and discovered a crystal-like substance that tested positive for methamphetamine.

Defendant was charged with one count of unlawful possession of methamphetamine, ORS 475.894. Prior to her trial, she moved to suppress all of the evidence obtained as a result of the traffic stop. The trial court denied defendant's motion to suppress, concluding that O'Donnell's inquiry of defendant regarding drugs took place during an "unavoidable lull" in the traffic stop.

As noted above, in *McBride I*, we concluded that the trial court did not err in denying defendant's motion to suppress, because O'Donnell's question to defendant regarding whether she had any drugs in her car took place during an "unavoidable lull" in the traffic stop. 299 Or App at 18. Also,

as noted above, after our decision in *McBride I*, the Supreme Court issued *Arreola-Botello*, which rejected the "unavoidable lull" rule. *Arreola-Botello*, 365 Or at 712.

In *Arreola-Botello*, an officer stopped the defendant for failing to use a turn signal, and then inquired about the presence of guns or controlled substances and requested consent to search the defendant's vehicle. *Id.* at 697. The court held that because the officer's inquiries were not "reasonably related" to the investigation of the infraction that led to the traffic stop, and did not have an independent constitutional justification, the questioning and request to search the vehicle violated the subject-matter limitation that Article I, section 9, imposes on investigative inquiries during an ongoing seizure. *Id.* at 713-14. Accordingly, the Supreme Court concluded that the defendant was unlawfully seized in violation of Article I, section 9, because the officer's questioning and request to search the defendant's vehicle was a violation of Article I, section 9, protections against unreasonable seizure and that the evidence should have been suppressed. *Id.* at 714-15.

In this case, O'Donnell had probable cause to believe that defendant had committed a traffic infraction when she failed to signal a turn and, therefore, was permitted to stop her to investigate that infraction. But, like the officer in *Arreola-Botello*, O'Donnell asked a question that was not reasonably related to that investigation—*i.e.*, whether defendant had drugs in her car. If there were evidence that, during the stop, O'Donnell "had learned facts giving rise to reasonable suspicion that defendant had engaged or was about to engage in criminal conduct, an expanded investigation could have been justified," *id.* at 714, but in this case, there is no such evidence. At the time that O'Donnell asked whether defendant had drugs in her car, he did not have "any particularized [reasonable] suspicion that defendant had *** controlled substances *** in [her] vehicle." *Id.* Because O'Donnell's inquiry regarding drugs was not reasonably related to the purpose of the traffic stop, and did not have an independent constitutional justification, it violated the subject-matter limitation that Article I, section 9, imposes on investigative inquiries during an ongoing seizure.

Further, we conclude the evidence obtained as a result of O'Donnell's unlawful question to defendant and obtained as a result of the search of defendant's vehicle should be suppressed because it was the product of an unconstitutional act. *See id.* (recognizing that generally "evidence will be suppressed if the evidence was the product of an unconstitutional act").[2]

Reversed and remanded.

---

[2] We note that O'Donnell, at the time of his inquiry to defendant, and the trial court, at the time of its denial of defendant's motion to suppress, did not have the benefit of the Supreme Court's decision in *Arreola-Botello*.