Argued and submitted November 23, 2020, reversed and remanded
May 26, 2021

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## ERIN COLLEEN McINTYRE,
*Defendant-Appellant.*

Washington County Circuit Court
18CR71686; A170565

489 P3d 593

Defendant was a passenger in a vehicle during a traffic stop. While one officer wrote a citation for the driver, another officer arrived with a drug-detection dog. The dog alerted, leading to the seizure of methamphetamine from defendant's bag and incriminating statements by defendant. Before her trial for unlawful possession of methamphetamine, defendant moved to suppress the evidence as resulting from an unlawful seizure under Article I, section 9, of the Oregon Constitution and the Fourth Amendment to the United States Constitution. The trial court denied the motion. Assuming that defendant was stopped, the court concluded that the evidence was lawfully obtained during an unavoidable lull. Defendant was subsequently convicted and now appeals, assigning error to the denial of her motion to suppress. *Held*: After the trial court ruled on defendant's motion to suppress, the Supreme Court issued its decision in *State v. Arreola-Botello*, 365 Or 695, 451 P3d 939 (2019), abolishing the unavoidable-lull doctrine. In light of that decision, the trial court plainly erred in denying defendant's motion to suppress on the basis that it did and the Court of Appeals exercised its discretion to correct the error. On remand, the trial court must make the necessary factual findings to decide the motion under current law.

Reversed and remanded.

Janelle F. Wipper, Judge.

Anne Fujita Munsey, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

David B. Thompson, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

AOYAGI, J.

Reversed and remanded.

**AOYAGI, J.**

Defendant was a passenger in a vehicle during a traffic stop. While one police officer processed a traffic citation for the driver, another officer arrived with a drug-detection dog and walked around the vehicle. The dog alerted, leading to the seizure of methamphetamine from defendant's purse (or backpack) and incriminating statements by defendant. Defendant was arrested and charged with unlawful possession. Before trial, she moved to suppress the evidence as resulting from an unlawful seizure under Article I, section 9, of the Oregon Constitution and the Fourth Amendment to the United States Constitution. The trial court denied the motion on the basis that the evidence was lawfully obtained "during an unavoidable lull." Defendant proceeded to a bench trial, and the trial court found her guilty of unlawful possession of methamphetamine, ORS 475.894. Defendant appeals, assigning error to the denial of her motion to suppress.[1] For the following reasons, we reverse and remand for further proceedings.

We review the denial of a motion to suppress for legal error and defer to the trial court's findings of fact if there is constitutionally sufficient evidence in the record to support them. *State v. Sexton*, 278 Or App 1, 2, 378 P3d 83 (2016).

Beginning with preservation, defendant has always maintained that she was unlawfully seized. We agree with the state, however, that the particular claim of error that she raises on appeal—that the police unlawfully expanded the scope of the traffic stop, even if they did not unlawfully extend its duration—is unpreserved. This case is analogous to *State v. Hallam*, 307 Or App 796, 479 P3d 545 (2020), in that regard. The defendant in *Hallam* moved to suppress evidence seized during a traffic stop, the trial court denied her motion on "unavoidable lull" grounds, and, on appeal, she made the same argument that ultimately prevailed in *State v. Arreola-Botello*, 365 Or 695, 451 P3d 939 (2019). *Hallam*,

---

[1] Defendant, who was sentenced to probation, also assigns error to two special conditions of her probation. Because defendant has completed her probation at this point, those claims of error are moot, and we do not address them. *See State v. Kilgore*, 295 Or App 602, 604 n 2, 435 P3d 817 (2019) (similar situation).

307 Or App at 798, 801.[2] That is, she argued on appeal that the police had unlawfully expanded the subject matter of the stop, regardless of whether they extended the duration. *Id*. at 801. Our explanation as to why that argument was unpreserved applies equally here (except that defendant's written motion in this case was more fulsome than the written motion in *Hallam*):

> "Here, nothing in defendant's written motion sufficiently apprised either the state, or the trial court, of the *Arreola-Botello* subject matter limitation argument that she advances on appeal. And our review of the hearing on the motion before the trial court shows no indication that the bare bones written motion was supplemented by *Arreola-Botello*-style arguments. Rather, the arguments at the suppression hearing, understandably, tracked the law in effect at the time under [*State v. Rodgers/Kirkeby*, 347 Or 610, 227 P3d 695 (2010)]. Accordingly, the subject matter limitation argument advanced on appeal is unpreserved."

*Id*. at 803.

It follows that our review in this case is limited to plain error—and defendant has requested plain-error review (in the alternative to arguing preservation). *See* ORAP 5.45(1) (allowing for discretionary plain-error review). To qualify for plain-error review, three requirements must be met: (1) it must be an error of law; (2) the point must be obvious, *i.e.*, not reasonably in dispute; and (3) the error cannot require us to go outside the record or select among competing inferences. *State v. Terry*, 333 Or 163, 180, 37 P3d 157 (2001), *cert den*, 536 US 910 (2002). If those requirements are met, it is a matter of discretion whether we will reverse on plain-error grounds. *Id*. at 180 n 11.

Defendant argues that the trial court plainly erred, because it denied her motion to suppress based on the drug investigation occurring during an "unavoidable lull" in the traffic stop, which reasoning is plainly erroneous after *Arreola-Botello*. We agree that, in light of *Arreola-Botello*, the trial court plainly erred in denying defendant's motion to suppress on the ground that it did. Application of the

---

[2] The parties completed their briefing in *Hallam*, then the Supreme Court issued its decision in *Arreola-Botello*, and then we issued our decision in *Hallam*.

"unavoidable lull" doctrine is an error of law. It is obvious after *Arreola-Botello* that the application of that doctrine is error. *See State v. Calvert*, 214 Or App 227, 233, 164 P3d 1169 (2007) ("Whether an error is plain is determined with reference to the law existing at the time of the appellate decision."). And we need not go outside the record or select among competing inferences to determine that the trial court erred.[3] The requirements for plain-error review are therefore met. Moreover, it is appropriate under the circumstances to exercise our discretion to correct the plain error, particularly given the substantial change in the law that has occurred, the significance of the evidence to the prosecution and the defense, and the fact that defendant could not have successfully raised the subject-matter limitation on traffic stops earlier given the state of the law at the time of her trial. *See Terry*, 333 Or at 180 n 11 (considerations for exercising discretion).

At the same time, we disagree with defendant that the proper remedy is outright reversal. Rather, we agree with the state that the proper course is to reverse and remand for reconsideration of the suppression motion in light of *Arreola-Botello*.[4] Had the necessary factual findings been made, it would be a legal question whether (and when) defendant was seized for purposes of Article I, section 9. *See State v. Stevens*, 364 Or 91, 93, 100-02, 430 P3d 1059 (2018) (taking the facts found by the trial court, and then deciding

---

[3] In its answering brief, the state suggests that the trial court decided the federal and state constitutional aspects of defendant's motion on different grounds. The state notes that drivers and passengers are treated the same under the Fourth Amendment, whereas, under Article I, section 9, whether a passenger is seized during a traffic stop depends on the particular circumstances. *See State v. Payne*, 310 Or App 672, 678, 487 P3d 413 (2021) ("Unlike the federal constitution, the Oregon Constitution does not contain a 'categorical' rule that [passengers in cars that are stopped for traffic violations] are seized."); *see, e.g.*, *State v. Soto-Navarro*, 309 Or App 218, 226, 482 P3d 150 (2021) (holding that, under the particular circumstances, the passenger was seized). Relying on that difference, the state suggests that the trial court rejected the Fourth Amendment challenge on "unavoidable lull" grounds but rejected the Article I, section 9, challenge based on defendant not being seized. Having reviewed the record, we have no doubt that the trial court denied the motion to suppress based entirely on the "unavoidable lull" doctrine, including the Article I, section 9, challenge. The record allows no other inference.

[4] At oral argument, without conceding error, the state took the position that, if the trial court erred, the proper remedy would be to remand for the trial court to make findings as to whether (and when) defendant was seized.

whether and when the defendant was seized for purposes of Article I, section 9). Here, however, faced with defendant's contention that she was unlawfully seized, the trial court assumed *arguendo* that she was seized, without making any factual findings relative to that issue, and denied suppression based on the then-existing unavoidable-lull doctrine. The court's only factual finding pertained to when the drug dog arrived at the scene relative to the events of the traffic stop (a disputed point), as relevant to the applicability of the unavoidable-lull doctrine.

On this record, it is not possible to address the legal question of whether defendant was seized at the relevant point for purposes of Article I, section 9, without factual findings as to exactly what occurred during this particular traffic stop. *See State v. Ehly*, 317 Or 66, 78, 854 P2d 421 (1993) ("The determination whether a person has been 'seized' under Article I, section 9, requires a fact-specific inquiry into the totality of the circumstances of the particular case."); *see also State v. Kamph*, 297 Or App 687, 689, 698, 44 P3d 1129 (2019) (remanding under analogous circumstances, including new case law and the need for a factual finding). Because the trial court bypassed making those findings and simply assumed that defendant was seized—an understandable approach given the existing law at the time—those findings have not yet been made. We therefore reverse and remand for further proceedings in accord with this opinion.

Reversed and remanded.