Argued and submitted March 29, vacated and remanded December 15, 2021, petition for review denied May 5, 2022 (369 Or 705)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SARAH ELISABETH DEATLEY,
aka Sarah E. Deatley,
*Defendant-Appellant.*

Multnomah County Circuit Court
18CR73995; A171737

502 P3d 760

Defendant appeals a judgment of conviction for one count of unlawful delivery of methamphetamine and one count of unlawful possession of methamphetamine. She assigns error to the trial court's denial of her motion to suppress, arguing that following a stop of her car, a police officer violated her Article I, section 9, right to be free from unreasonable searches and seizures. *Held*: In light of *State v. Arreola-Botello*, 365 Or 695, 451 P3d 939 (2019), which was decided after the trial court's ruling in this case, a dispositive issue is whether the officer's conduct during the stop of defendant's car was an investigative activity that was reasonably related to the officer's car theft investigation. But that issue was not resolved by the trial court. Consequently, the Court of Appeals vacated and remanded for the trial court to engage in any necessary factfinding and to reconsider its decision in light of *Arreola-Botello* and its progeny.

Vacated and remanded.

Heidi H. Moawad, Judge.

Brett J. Allin, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

TOOKEY, J.

Vacated and remanded.

**TOOKEY, J.**

Defendant appeals a judgment of conviction for one count of unlawful delivery of methamphetamine, ORS 475.890(2), and one count of unlawful possession of methamphetamine, ORS 475.894(2)(b) (2017), *amended by* Ballot Measure 110 (2020), Or Laws 2021, ch 591, § 39. On appeal, she assigns error to the trial court's denial of her motion to suppress, arguing that following a stop of her car, a police officer violated her "Article I, section 9, right to be free from unreasonable searches and seizures." For the following reasons, we vacate and remand.

"Our review of the trial court's denial of a defendant's motion to suppress is, in general, for legal error, accepting the facts as found by the trial court, so long as there is constitutionally sufficient evidence in the record to support the findings." *State v. Sherriff*, 303 Or App 638, 640, 465 P3d 288 (2020) (internal quotation marks omitted).

For the purposes of our analysis in this case, a detailed recitation of the facts is unnecessary. It suffices to recount that an officer saw defendant, who was driving a Nissan, make an illegal U-turn. The officer checked the number on the rear license plate of the Nissan and discovered that the license plate was registered to a Honda.

Having observed the illegal U-turn and believing the car to be stolen, the officer stopped defendant's car. The officer observed that the car did not have a front license plate, ran the car's VIN, and was informed by dispatch that the VIN did not match the Department of Motor Vehicles' records for the rear license plate. Defendant then provided the officer with identification but could not provide insurance or registration information. The officer requested a cover officer because he was "investigating a stolen vehicle or potential stolen vehicle," in view of the "switched license plates" and the failure "to provide the registration."

While waiting for the cover officer to arrive, the officer conversed with defendant and then "transitioned" toward the rear of defendant's car, shined a flashlight into the car, and observed "a clear, plastic or glassine bag with a knot tied in it at the top" and a corner torn off, which, in

the officer's experience—including experience as a narcotics detective—is how people "purchase or sell their narcotics." After the cover officer arrived, the officer asked defendant about the bag and defendant admitted to being in possession of methamphetamine. Defendant was arrested and charged with one count of unlawful delivery of methamphetamine and one count of unlawful possession of methamphetamine.

Prior to trial, defendant moved to suppress all evidence obtained as a result of defendant's stop and arrest, arguing, among other points, that there was no "unavoidable lull" during the stop—but instead, an "avoidable lull"—when the officer "chose to stay by the vehicle [that] defendant was driving and wait for his backup officer rather than returning to his vehicle and conducting a records and warrants check on defendant."[1] The trial court denied the motion, explaining,

> "Defendant's motion to suppress is denied in its entirety. * * * There's no challenge to the validity of the traffic stop for making an illegal U-turn. Thereafter, the officer because of the obvious switched license plate, the car was a Nissan, but the plate was registered to a Honda Accord, the officer was engaged in the investigation of whether it was a stolen car * * *. So as he waited for his cover, he saw the [bag] in

---

[1] Prior to the Supreme Court's decision in *State v. Arreola-Botello*, 365 Or 695, 451 P3d 939 (2019), this court had held that "police may not unreasonably delay, or extend the duration, of an otherwise lawful stop to investigate unrelated matters for which they lack reasonable suspicion," but that "investigations into unrelated matters that occur during an 'unavoidable lull' are permissible." *State v. Kimmons*, 271 Or App 592, 601, 352 P3d 68 (2015). And, prior to *Arreola-Botello*, we had considered application of the "unavoidable lull" doctrine both in cases where an officer's initial stop of a defendant was based on reasonable suspicion of criminal activity and in cases where an officer's initial stop of a defendant based on probable cause of unlawful noncriminal activity. *See, e.g.*, *State v. Hendon*, 222 Or App 97, 106, 194 P3d 149 (2008) (holding stop was "unlawfully prolonged" where there was no evidence that "the request to search occurred during an 'unavoidable lull' in the investigation for trespass"); *State v. Dawson*, 282 Or App 335, 340, 386 P3d 165 (2016) (reversing trial court denial of motion to suppress where officer "was investigating his suspicions that defendant was committing the crime of UUV" when he questioned defendant, which was "a matter unrelated to the purpose of the traffic stop" for failure to display registration plates, and "the questioning [did not] occur during an 'unavoidable lull'").

As noted later in this opinion, in *Arreola-Botello*, the Supreme Court rejected the unavoidable lull doctrine, concluding that an "'unavoidable lull' does not create an opportunity for an officer to ask unrelated questions, unless the officer can justify the inquiry on other grounds." 365 Or at 712.

a place that he was allowed to look. And, *** based upon his training and experience, and the actual description of the [bag] and the characteristics of it, that gave him reasonable suspicion that the defendant could have possessed methamphetamine.

"So he inquired further and she admitted what she had on her ***. So there was reasonable suspicion to inquire, and there developed probable cause. So the motion[] to suppress [is] denied in [its] entirety."

Subsequent to the trial court's decision denying defendant's motion to suppress, the Supreme Court decided *State v. Arreola-Botello*, 365 Or 695, 451 P3d 939 (2019). In *Arreola-Botello*, the court explained that,

"Whether an officer is investigating criminal or unlawful noncriminal activity, the officer's authority to stop an individual—based on reasonable suspicion of criminal activity or on probable cause of unlawful noncriminal activity—is founded on the assumption that temporary, investigative stops to investigate particular conduct are permitted for that particular purpose only. It therefore follows that limits apply to an officer's ability, during such a stop, to use that stop for other purposes."

365 Or at 710.

Accordingly, for the purposes of Article I, section 9, "all investigative activities *** conducted during a traffic stop are *** subject to both subject-matter and durational limitations." *Id.* at 712. That means "that all such activities *** must be reasonably related to the purpose of the traffic stop or supported by an independent constitutional justification." *Sherriff*, 303 Or App at 647. *Arreola-Botello* thus "rejected the 'unavoidable lull'" doctrine. *State v. McBride*, 303 Or App 292, 293, 463 P3d 611 (2020).

On appeal, the state posits that "this court will likely feel obliged to apply the rules from *Arreola-Botello* and *Sherriff* in this case," and that, in light of those decisions, "it is necessary to remand this case to the trial court for it to reconsider its denial of defendant's motion to suppress." In the state's view, remand is necessary because the "now dispositive issue in this case is why [the officer] walked to the back of defendant's vehicle during the ***

stop and shined his flashlight onto the floorboards," and, "[i]f that specific conduct actually was 'reasonably related to' his continuing investigation of the switched-plates and possible stolen-vehicle offenses." And that issue, according to the state, is not "obvious based on this record and was not resolved by the trial court's ruling." The state concedes that, if the officer shining the flashlight into defendant's car was "not actually reasonably related to the purposes of the stop" but was "just him being snoopy" then "that conduct violated defendant's rights under Article I, section 9, and all the evidence that defendant asked the court to suppress has to be suppressed as a result of that."

Defendant agrees that *Arreola-Botello* and its progeny require remand. Defendant, however, contends that we should "remand to the trial court for entry of an order suppressing the evidence." In defendant's view, it "was the state's burden to develop the record to show that reasonable suspicion justified [the officer's] conduct at each point of the stop," and "the state did not offer any evidence to support a finding that [the officer's] act of shining the flashlight into the car was reasonably related to his car-theft investigation."[2]

As an initial matter, "[i]n deciding this case, we apply the law as it currently exists." *State v. McMullen*, 250 Or App 208, 212, 279 P3d 367 (2012), *rev den*, 355 Or 380 (2014). Thus, *Arreola-Botello* and subsequent case law apply to this appeal. And, in our view, in light of *Arreola-Botello*, a dispositive issue in this case is whether the officer walking toward the back of defendant's car during the stop and shining his flashlight into defendant's car was an "investigative activity" that was "reasonably related" to the officer's car theft investigation, as opposed to, as the state puts it, the officer "just being snoopy." But, given the law at the time the trial court made its ruling on defendant's suppression motion—*i.e.*, that the Supreme Court had not yet decided *Arreola-Botello* and "rejected the 'unavoidable lull'" doctrine, *McBride*, 303 Or App at 293—we do not understand

---

[2] On appeal, defendant makes other arguments as to how the officer's conduct during the traffic stop violated her rights under Article I, section 9, thus requiring suppression of the evidence, including an argument that the officer's "observations of the bag did not create reasonable suspicion" to "investigate drug crimes." We reject those additional arguments without discussion.

the trial court to have made an explicit or implicit determination as to that issue. *See Sherriff*, 303 Or App at 640 (noting that we "cannot presume that the court made a particular factual finding, to the extent that particular finding was not one that was necessary to the court's decision").

Further, in the circumstances of this case, we agree with the state that remanding to the trial court for reconsideration of defendant's motion to suppress and for further factual finding is the appropriate disposition. We have taken that approach in similar situations. *See, e.g.*, *State v. Shaw*, 311 Or App 537, 541, 489 P3d 147 (2021) (vacating and remanding "for the trial court to engage in the necessary factfinding and to reconsider its ruling" in light of case law development following the trial court's ruling); *State v. McIntyre*, 311 Or App 726, 730-31, 489 P3d 593 (2021) (remanding for reconsideration of suppression motion in light of *Arreola-Botello*, where it was "not possible to address the legal question of whether defendant was seized at the relevant point for purposes of Article I, section 9, without factual findings as to exactly what occurred during this particular traffic stop").[3]

Therefore, we vacate and remand for the trial court to engage in any necessary factfinding and to reconsider its decision in light of *Arreola-Botello* and its progeny.

Vacated and remanded.

---

[3] In arguing for a contrary result, defendant points to *Sherriff*, in which we did not remand for further factual findings. But in *Sherriff*, "the record [gave] no plausible basis for concluding that" a drug-detection dog's inspection of a vehicle "had any reasonable relationship" to citing the defendant for a cracked windshield. 303 Or App at 647.

Here, it is not apparent to us that there is not a "plausible basis for concluding" that a "reasonable relationship" existed between the officer's investigation of "whether it was a stolen car" and the officer shining his flashlight into the car. We express no opinion as to how the trial court should resolve that issue on remand.