Argued and submitted June 15, 2021, reversed and remanded March 16, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ARIN JUDITH ANDERSON,
*Defendant-Appellant.*

Crook County Circuit Court
18CR43578; A172369

505 P3d 472

Annette C. Hillman, Judge.

Sara F. Werboff, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

David B. Thompson, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Mooney, Presiding Judge, and Kamins, Judge, and Pagán, Judge.*

PER CURIAM

Reversed and remanded.

---

* Pagán, J., *vice* DeHoog, J. pro tempore.

**PER CURIAM**

Defendant was convicted of unlawful possession of heroin, ORS 475.854 (2018), and unlawful possession of methamphetamine, ORS 475.894 (2018).[1] She appeals, assigning error to the trial court's denial of a motion to suppress evidence.[2] We reverse and remand.

Defendant was the passenger in a car that was ostensibly stopped for using studded tires out of season, although the true impetus was a tip that the vehicle might have "illegal drugs" in it. During the course of the stop, officers walked a drug-detection dog around the vehicle. The dog alerted, eventually leading to the discovery of drugs in defendant's possession. The trial court denied defendant's motion to suppress the fruits of that search because it found that deploying the dog did not extend the duration of the stop. In light of subsequent case law, that reasoning was plainly erroneous. *See State v. McIntyre*, 311 Or App 726, 730-31, 489 P3d 593 (2021); *State v. Soto-Navarro*, 309 Or App 218, 224, 482 P3d 150 (2021) (citing *State v. Arreola-Botello*, 365 Or 695, 712, 451 P3d 939 (2019)). On remand, the trial court should consider whether defendant was seized for purposes of Article I, section 9, of the Oregon Constitution at the time that the drug-detection dog was deployed. *See State v. Allen*, 314 Or App 735, 738-39, 497 P3d 777 (2021); *State v. Payne*, 310 Or App 672, 678, 487 P3d 413, *rev den*, 368 Or 514 (2021).

Reversed and remanded.

---

[1] Both of those provisions were amended by Ballot Measure 110 (2020). Or Laws 2021, ch 591, §§ 36, 39. Because the acts at issue occurred in 2018, the amended provisions do not apply here. *Id*. at § 47 (effective date is February 1, 2021).

[2] In light of our disposition, we do not reach defendant's remaining assignment of error.