564 August 28, 2024 No. 594

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JAKOB DYLAN RUSSIN,
*Defendant-Appellant.*

Lane County Circuit Court
19CR51650, 20CR01390, 20CR01395;
A178609 (Control), A178610, A178611

Charles M. Zennaché, Judge.

Submitted January 25, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Brett J. Allin, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Egan, Judge, and Kamins, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

In these consolidated appeals from judgments revoking defendant's probation, defendant challenges the trial court's imposition of consecutive sentences. On appeal, defendant argues that the trial court's decision to impose a sentence that deviated from the joint recommendation contained in defendant's initial plea agreements violated ORS 135.407(4) and amounted to plain error. Because it is not obvious that ORS 135.407(4) governs probation revocation sanctions, the trial court did not plainly err in declining to impose the jointly recommended sentence, and we affirm.

At a plea and sentencing hearing in August 2021, defendant pleaded guilty to five counts of identity theft in three separate cases. Consistent with the plea agreements, the trial court ordered that defendant receive a downward dispositional departure of 36 months of probation. The agreements contained a jointly recommended sentence, in the event that probation was later revoked, of 13 months in prison on each of the five counts, with two of the counts to run consecutively with one another and the other three counts to run concurrently, for a total prison sentence of 26 months.

In April 2022, after finding that defendant had violated the terms of his probation, the trial court revoked his probation on each of the five counts and imposed 13-month sentences on each. The court ordered that three of the sentences run consecutively—noting that each of the three consecutive counts involved a different victim—for a total of 39 months in prison. Defendant timely appealed and argues that the trial court breached the plea agreements in violation of ORS 135.407 by declining to impose the jointly recommended sentence. The state responds that ORS 135.407(4) has no application in this case, because the parties' plea agreement was not of a type that falls within the scope of that subsection.

At the outset, defendant acknowledges that he failed to preserve his argument but requests that we review the issue for plain error. "To qualify for plain-error review, three requirements must be met: (1) it must be an error of law; (2) the point must be obvious, *i.e.*, not reasonably in dispute; and (3) the error cannot require us to go outside the record

or select among competing inferences." *State v. McIntyre*, 311 Or App 726, 729, 489 P3d 593 (2021). If all three parts of the plain-error test have been satisfied, we must then decide whether to exercise our discretion to review the error and explain our reasons for doing so. *State v. Vanornum*, 354 Or 614, 630, 317 P3d 889 (2013).

In this case, we need not decide whether to exercise our discretion, because the alleged error fails to meet the second prong of the plain-error analysis. That is, any error is not obvious. Defendant argues that the trial court's decision to impose an additional consecutive sentence violated the statutory requirement that a judge impose a stipulated sentence. *See* ORS 135.407(4) ("If the sentencing judge accepts the plea agreement, the judge *shall* impose the stipulated sentence." (Emphasis added.)). Specifically, defendant argues that the text of ORS 135.407(4) "required" the trial court, upon revoking defendant's probation, to impose the stipulated sentence to which both he and the state had agreed. That argument presents an issue of statutory construction requiring us to determine the scope of ORS 135.407(4).

"In interpreting a statute, the court's task is to discern the intent of the legislature." *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). "To determine that intent, we give primary weight to the statutory text in context[.]" *State v. Haley*, 371 Or 108, 112, 531 P3d 142 (2023). "A statute's context includes, among other things, its immediate context—the phrase or sentence in which the term appears—and its broader context, which includes other statutes on the same subject." *Shepard Investment Group LLC v. Ormandy*, 371 Or 285, 290, 533 P3d 774 (2023).

In determining whether ORS 135.407(4) obviously required the trial court to impose the parties' stipulated sentence when revoking defendant's probation, we begin with the text of the statute. ORS 135.407(4) provides:

> "The district attorney and defendant may stipulate to a specific sentence within the presumptive range provided by rules of the Oregon Criminal Justice Commission for the stipulated offender classification. If the sentencing judge accepts the plea agreement, the judge shall impose the stipulated sentence."

The text of the provision indicates that it applies to the "sentencing judge" who "accepts the plea agreement." The text is silent as to its impact on future revocation sanctions.

That narrow interpretation finds support in the context of the surrounding provisions. *See Hickey v. Scott*, 370 Or 97, 108-09, 515 P3d 368 (2022) (reviewing the surrounding statutory context to clarify the legislature's intent in interpreting a statute). The first subsection of the statute, ORS 135.407(1), sets the stage for each of the statute's provisions, explaining that a defendant's criminal history classification must be included in a plea agreement that is presented to "the sentencing judge."[1] ORS 135.407(2), (3), and (5) describe different scenarios in which the defendant and district attorney stipulate to a grid block classification or a sentence for the "sentencing judge" to accept. Those subsections also address situations in which the "sentencing judge" imposes a sentence other than that upon which the parties agreed. *See, e.g.*, ORS 135.407(2) ("The district attorney and the defendant may stipulate to the grid block classification ***. The sentencing judge may accept the stipulated classification and impose the presumptive sentence[.]"); ORS 135.407(3) ("If *** the sentencing judge accepts the stipulated classification but imposes a sentence other than the presumptive sentence ***, the sentence is a departure sentence and is subject to rules *** related to departures."). Notably, each subsection of ORS 135.407 refers to stipulations only in the context of initial sentencing, bolstering our conclusion that the scope of the statute is limited to the initial sentencing stage.

A conclusion that ORS 135.407(4) does not apply to future revocation sanctions squares with the principle that separate authorities govern the imposition of sentences

---

[1] ORS 135.407(1) provides:

"Whenever a plea agreement is presented to the sentencing judge, the defendant's criminal history classification, as set forth in the rules of the Oregon Criminal Justice Commission, shall be accurately represented to the trial judge in the plea agreement. If a controversy exists as to whether a prior conviction or juvenile adjudication should be included in the defendant's criminal history, or as to its classification under rules of the Oregon Criminal Justice Commission, the district attorney and the defendant may stipulate to the inclusion, exclusion or classification of the conviction or adjudication as part of the plea agreement subject to approval of the court."

upon revocation of probation.[2] "Neither ORS 135.407 nor the guidelines gives a sentencing court the discretion to accept or reject agreements as to what sanction will be imposed if probation is revoked." *State v. Guyton*, 126 Or App 143, 147, 868 P2d 1335, *rev den*, 319 Or 36 (1994), *overruled on other grounds by State v. Hoffmeister*, 164 Or App 192, 990 P2d 910 (1999). Instead, as the authority of a sentencing court to impose revocation sanctions is governed and limited by ORS 137.545(5)(b)[3] and OAR 213-010-0002.[4] *Hoffmeister*, 164 Or App at 196-97 (explaining that, "[o]nce a probationary sentence is executed, OAR 213-010-0002 limits revocation sanctions to those that flow from the gridblock used at the time of sentencing"); *see also State v. Taylor*, 295 Or App 32, 36-37, 433 P3d 486 (2018) (applying ORS 137.545(5)(b) and OAR 213-010-0002 in determining whether the trial court exceeded its authority to impose a probation revocation

_____

[2] ORS 135.407 is typically invoked in situations where ORS 138.105(9) precludes our review of a stipulated sentence. *See, e.g., State v. Kephart*, 320 Or 443, 447, 887 P2d 774 (1994) (An appellate court may review sentences "unless they [are] 'stipulated sentences' as illustrated in ORS 135.407."); *State v. Davis-McCoy*, 300 Or App 326, 329-30, 454 P3d 48 (2019) (explaining the bar on appellate review of stipulated sentences). The principles contained in that line of cases are not inconsistent with the outcome we reach here—ORS 138.105(9) can preclude appellate review of sentence stipulations of the kind specified in ORS 135.407, without ORS 135.407 controlling whether trial courts impose stipulated sentences upon probation revocation. *See State v. Silsby*, 282 Or App 104, 112-13, 386 P3d 172 (2016), *rev den*, 360 Or 752 (2017) (assuming without deciding that a stipulation to a future sentence upon probation revocation is "not [a sentence] that is authorized by *** ORS 135.407," but holding that defendant's stipulation is of the kind "illustrated in" ORS 135.407, and that therefore, "ORS 138.222(2)(d) bars review").

[3] ORS 137.545(5)(b) provides, in relevant part:

"For defendants sentenced for felonies committed on or after November 1, 1989, the court that imposed the probationary sentence may revoke probation supervision and impose a sanction as provided by rules of the Oregon Criminal Justice Commission."

[4] OAR 213-010-0002 provides, in part:

"(1) For those offenders whose presumptive sentence was probation, the sentence upon revocation shall be to the supervisory authority for a term up to a maximum of six months.

"(2) For those offenders whose probationary sentence was *** a departure from a presumptive prison sentence ***, the sentence upon revocation shall be a prison term up to the maximum presumptive prison term which could have been imposed initially, if the presumptive prison term exceeds 12 months. For those presumptive prison terms 12 months or less, the sentence upon revocation shall be to the supervisory authority, up to the maximum presumptive prison term."

sanction). OAR 213-010-0002 "reflects a policy judgment by the Guidelines Board that an offender granted probation in lieu of presumptive imprisonment should remain subject to the imprisonment that the court could have [initially] imposed." *Guyton*, 126 Or App at 147 n 1 (quoting *Oregon Sentencing Guidelines Implementation Manual* 170 (1989) (emphasis omitted)). The upshot of those mental gymnastics is that ORS 137.545(5)(b) and OAR 213-010-0002—not ORS 135.407—control probation revocation sentences and mandate that "the grid block cited in the judgment define[s] and constrain[s] the sanctions available upon revocation." *State v. Denson*, 280 Or App 225, 231, 380 P3d 1170 (2016) (internal quotation marks omitted).

Because, as we have previously determined, ORS 137.545(5)(b) and OAR 213-010-0002 govern the imposition of probation sanctions, the role of ORS 135.407(4), if any, in defendant's probation revocation sanction is not obvious. As we have explained, the text and surrounding statutory provisions of ORS 135.407(4) indicate that it applies to sentence stipulations in plea agreements and imposed by the sentencing court, rather than sanctions imposed upon revocation of probation. Because it is not obvious that ORS 135.407 applies to future revocation sanctions at all, the probation revocation court did not plainly err in failing to apply it when imposing defendant's sentence.[5]

Defendant also raises an argument under the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and he requests that we review that argument for plain error, but again, he fails to establish that the error, if any, is obvious. *See McIntyre*, 311 Or App at 729 (requiring a legal point to be "obvious" to qualify for plain error review). Accordingly, we conclude that the trial court did not commit plain error.

Affirmed.

---

[5] To be clear, in holding that the trial court did not commit plain error in declining to apply ORS 135.407(4) when imposing defendant's probation revocation sanction, we do not address whether any other authority requires a revocation court to enforce the terms of a plea agreement.