652 February 5, 2025 No. 77

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MICHAEL ALAN LEA,
aka Michael Allen Lea,
*Defendant-Appellant.*

Multnomah County Circuit Court
21CR45029; A180405

Benjamin N. Souede, Judge.

Argued and submitted October 22, 2024.

Francis C. Gieringer, Deputy Public Defender, argued the cause for appellant. Also on the opening brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Oregon Public Defense Commission.

Peenesh Shah, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Aoyagi, Presiding Judge, Egan, Judge, and Joyce, Judge.

EGAN, J.

Reversed and remanded.

**EGAN, J.**

In this criminal appeal, defendant challenges his convictions for 16 counts of first-degree encouraging child sexual abuse, arguing that the trial court erred in denying his motion to suppress incriminating statements and other evidence discovered on his electronic devices during a random and unannounced examination by supervising parole officers. The state concedes that the officers elicited incriminating statements without warning defendant against self-incrimination and the right to counsel under *Miranda v. Arizona*, 384 US 436, 86 S Ct 1602, 16 L Ed 2d 694 (1966). Defendant asks this court to reverse the judgment of conviction outright, or in the alternative, to reverse and remand for further factual findings with regard to the seizure and search. As explained below, on that assignment, we accept the state's concession, reverse the judgment of conviction, and remand the matter for additional fact-finding on the seizure and search of the devices.

Before the events that led to the charges in this case, defendant had twice been convicted of sexual offenses against children in 1988 and 1995. The state released him from prison in 2017 under conditions of parole that allowed local parole officers random and unannounced access to his living areas with complete access to electronic devices. The strict conditions of parole prohibited defendant from "viewing * * * or possessing any sexually stimulating visual or auditory materials that are relevant *to the person's deviant behavior.*" (Emphasis added.) Further, parole and probation officers had broad authority to search defendant or his home if they had "reasonable grounds to believe that evidence of a violation of a condition of post-prison supervision [would] be found." The conditions of parole also allowed parole officers to conduct a "walk-through" of defendant's residence and required defendant "consent to search" where parole officers had "reasonable grounds to believe that evidence of a violation" would be found. Finally, defendant was obliged to "[p]romptly and truthfully answer all reasonable inquiries" of his parole officers.

This case commenced when defendant's supervising officer and another parole officer conducted a random and unannounced walk-through of defendant's apartment on May 23, 2019. One of the parole officers saw what appeared

to be a pornographic image of adult women on defendant's tablet, which he believed violated defendant's conditions of parole. The image prompted the officers to ask questions about the existence of child pornography on defendant's devices without giving defendant the benefit of *Miranda* warnings. It is not clear whether the officers seized defendant's electronic devices prior to questioning or whether defendant answered the questions before officers seized the devices. Nevertheless, defendant admitted the existence of child pornography on the electronic device. Those admissions led to a detailed and expert search of the seized devices, which in turn led to a request for a search warrant that led to the filing of the indictment for this prosecution.

Defendant moved to suppress all inculpatory statements made during the home visit on May 23, 2019, and all "evidence derived from his seized devices," including the images of child sexual abuse. The trial court denied the motion to suppress on the grounds that (1) the plain-view and consent exceptions justified the warrantless seizure of defendant's devices; (2) the consent exception justified the warrantless search of defendant's devices; and (3) the officers did not unlawfully obtain defendant's statements during the home visit, because he was not in compelling circumstances.

"We review a trial court's denial of a motion to suppress for legal error, and we are bound by the trial court's factual findings if there is constitutionally sufficient evidence in the record to support them." *State v. Wampler*, 325 Or App 722, 726, 530 P3d 133, *rev den*, 371 Or 477 (2023). The state acknowledges that, under *State v. Reed*, 371 Or 478, 538 P3d 195 (2023), which was decided after the events that led to the seizure and search in this case, the parole officers interrogated defendant during the home visit in compelling circumstances and that defendant was entitled to *Miranda* warnings before officers elicited his statements. The state further concedes that the statements were significantly inculpatory, admitted into evidence, and likely affected the verdict; thus, we must reverse. We accept the state's concession based on *Reed*, and we conclude that the trial court erred when it denied defendant's motion to exclude his statements to officers. *See id.* at 488-91 (concluding that the

defendant's unwarned statements were made in compelling circumstances because she could not leave, and the officers exerted significant pressure on her based on her probation conditions).

The only remaining question is whether we should remand this matter so that the trial court may develop a factual record to resolve the remaining issue as to whether the remaining challenged computer evidence was untainted by the constitutional violation—*i.e.*, whether the search warrant and evidence from defendant's devices were sufficiently attenuated from the unlawful interrogation. *See State v. Turay*, 371 Or 128, 168, 532 P3d 57 (2023) ("[W]hen there is a minimal factual nexus between a constitutional violation and evidence found pursuant to a search warrant, the evidence must be suppressed unless the state can 'establish that the challenged evidence was untainted by' the constitutional violation." (Quoting *State v. DeJong*, 368 Or 640, 642, 497 P3d 710 (2021)). Defendant argues that additional factfinding is not appropriate, because the state had the burden at the suppression hearing to show that the unlawfully obtained statements did not taint the discovery of other challenged evidence, and the state chose not to present evidence on that issue.

As a prudential matter, we have consistently allowed remand for additional factfinding where the application of a legal doctrine has changed after the parties made their arguments to the trial court, and the trial court made its decision. *See, e.g.*, *State v. Haugen*, 361 Or 284, 309-10, 392 P3d 306 (2017) (remanding for the trial court to consider and apply the facts using the correct legal standard because it had originally applied a legal standard that the Supreme Court later held was incorrect); *State v. McIntyre*, 311 Or App 726, 730-31, 489 P3d 593 (2021) (concluding that, when a Supreme Court decision changed the applicable law, the proper course on appeal was to reverse and remand for reconsideration of the suppression motion in light of the changed law); *State v. Kamph*, 297 Or App 687, 689, 697-98, 442 P3d 1129 (2019) (remanding for additional factual finding when new case law made the court unsure whether the trial court applied the correct legal standard); *State v. Shaw*, 311 Or App 537, 541, 489 P3d 147 (2021) (remanding

for further factfinding and analysis in light of a Court of Appeals decision that changed the law).

In this case, the Supreme Court's decision in *Reed* effectively overruled existing precedent that the state and the trial court relied on when developing the record at the suppression hearing—*viz.* that based on our decision in *State v. Dunlap*, 215 Or App 46, 168 P3d 295 (2007), the circumstances in which defendant made his statements in this case were not sufficiently compelling as to require *Miranda* warnings. *Reed*, 371 Or at 488-91. We recognize that the trial court gave the state the opportunity to address this issue when, after the court ruled in the state's favor, it asked the prosecutor whether the state wanted to make a record on attenuation, and the prosecutor declined. However, we conclude that it was reasonable for the state to forego making a record on attenuation where the trial court's ruling, which was consistent with then-controlling precedent, effectively mooted the need to deal with attenuation except as a contingency, and there was no reason for the state to anticipate that the Supreme Court would take a different approach than that taken in *Dunlap* many years earlier. Thus, we remand this matter so that the state may present evidence, and the trial court may make findings, as to whether the warrant authorizing search of defendant's devices was sufficiently attenuated from defendant's statements that parole officers garnered without benefit of the *Miranda* warnings.

Defendant also challenges the denial of his motion for judgment of acquittal on all 16 counts, arguing that the state did not prove that defendant duplicated any of the images when he downloaded them and saved them onto his devices. We conclude that the trial court did not err in denying the MJOA. *See State v. Crook*, 331 Or App 524, 530, 547 P3d 158, *rev den*, 372 Or 718 (2024) ("The evidence that defendant downloaded and saved the images to his cellphone and that he was aware that they depicted child sexual abuse was not disputed, and that evidence is sufficient to allow a rational finder of fact to conclude that the state proved each element of [first-degree encouraging child sexual abuse] beyond a reasonable doubt.").

Reversed and remanded.